**Albert Ralph VELASQUEZ, Plaintiff-Appellee,**

v.

**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, Defendant-Appel-lant.**

No. 83–1187.

United States Court of Appeals, Fifth Circuit.

June 14, 1984.

Richard C. Danysh, Ferd C. Meyer, Jr., San Antonio, Tex., for defendant-appellant.

Phil Hardberger, Phillip R. Spicer, Jr., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, WILLIAMS and GARWOOD, Circuit Judges.

THORNBERRY, Circuit Judge:

Southern Pacific Transportation Company appeals from an adverse judgment in an action brought under the Federal Employer's Liability Act (FELA). The issues raised in this appeal are whether the trial court erred in instructing the jury that regulations promulgated under the Occupational Safety and Health Act (OSHA) applied to the railroad in the facts of this case, and whether the court erred in denying Southern Pacific's requested instruction on the nontaxability of a personal injury award. We hold that because OSHA regulations did not apply to the defendant railroad in this case, the trial court's instruction to the contrary constitutes reversible error.

Albert Ralph Velasquez, an employee of Southern Pacific, was injured on August 5, 1981, while working on the Menger Creek railroad bridge in San Antonio, Texas. The bridge is situated in a railroad yard consisting of nine to ten tracks. The accident occurred as Velasquez and several co-workers were replacing a stringer, which is a large beam supporting the track. The workers had to remove a portion of the wooden walkway along the track so they could reach the area underneath the track. Velasquez slipped and fell through this opening, landing on the creek bed nine feet below.

Velasquez brought this FELA action, claiming that his injuries were the result of Southern Pacific's negligence. The jury found negligence to be the cause of the accident, and attributed sixty percent of the negligence to Southern Pacific, and forty percent to Velasquez. Velasquez was awarded $57,600 in damages.

OSHA REGULATIONS

In attempting to establish Southern Pacific's negligence at trial, Velasquez argued that the railroad had a duty to provide safeguards to prevent a worker from falling through the hole in the walkway. Southern Pacific had filed a motion in limine to exclude any evidence of OSHA regulations, arguing that those standards did not apply to railroad walkways and bridges. The trial court determined that OSHA regulations did apply to these areas, and denied the motion in limine.

Velasquez relied primarily on the testimony of a safety specialist, Carlton Spraggins, to establish the proper standard of care in this case. Spraggins explained to the jury the role of OSHA regulations in general, and asserted that these regulations applied to the railroad. He testified that OSHA regulations required that certain measures be taken to prevent workers

from falling through the walkway hole. He suggested that, under OSHA regulations, rope barricades and a toeboard around the perimeter of the opening would have been appropriate measures. Exhibits of published OSHA regulations were admitted into evidence. The trial court reinforced the idea that OSHA regulations suggested the proper standard of care with the following instruction to the jury: "You are instructed that OSHA regulations do apply to the railroad industry in this case. A violation of these standards do [sic] not decide the question of negligence completely, but it is evidence of negligence."

We agree with Southern Pacific's argument that OSHA standards do not apply to walkways along the tracks, or railroad bridges, because they have been displaced by a Federal Railroad Administration (FRA) policy statement. This displacement is in accordance with the Occupational Safety & Health Administration Act of 1970 which states in pertinent part:

> Nothing in this chapter shall apply to working conditions of employees with respect to which other Federal agencies ... exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health.

29 U.S.C. § 653(b)(1). The FRA has issued a statement indicating which aspects of the railroad industry fall under the exclusive jurisdiction of the FRA, thereby displacing applicable OSHA regulations. That statement provides:

> OSHA regulations would not apply to ladders, platforms, and other surfaces on signal masts, cantenary systems, *railroad bridges*, turntables, and similar structures or to *walkways beside the tracks in yards* or along the right-of-way. These are areas which are so much a part of the operating environment that they must be regulated by the agency

with primary responsibility for railroad safety.

43 Fed.Reg. 10583–10590 (1978) (emphasis added).

The accident in the present case occurred on a walkway beside a track in a yard, and on a railroad bridge. The FRA policy statement provides that such areas are not subject to OSHA regulations. It is not necessary that the FRA implement specific regulations for these areas; an assertion of authority in a policy statement is sufficient to displace OSHA regulations. *See Southern Pacific Transportation Company v. Usery*, 539 F.2d 386 (5th Cir.1976), *cert. denied*, 434 U.S. 874, 98 S.Ct. 221, 54 L.Ed.2d 154 (1977); *see also* Consolidated Rail Corporation, 10 OSHC (BNA) 1577 (1982) (OSHA regulations not applicable to floor openings in engine repair shop because of displacement by FRA policy statement).[1]

Velasquez points to the FRA's definition of railroad operations as the "movement of equipment over rails," 43 Fed.Reg. at 10585, and argues that this language limits displacement of OSHA to activities actually involving such movement. We disagree. Although the FRA displacement involves safety concerns relating to movement over the rails, the policy statement is clear: OSHA does not apply to the physical structures described in the statement; displacement is not limited to the *activity* of moving equipment over the rails.

Velasquez also argues that even if OSHA does not apply to the particular location of the accident, the instruction was harmless error. This argument is based on the fact that Spraggins, the expert witness, did not rely exclusively on OSHA regulations as the appropriate standard of care, but that he also discussed standards published by the American National Standards Institute, as well as standards dictated by common sense. This argument has no merit because the record shows an emphasis on

---

1. The bridge repair work in this case falls under the definition of "construction" in OSHA regulations. The 1978 FRA policy statement also displaces OSHA construction regulations in this case: "To the extent that hazardous construction working conditions do not fall within FRA's exercise of authority relating to the safety of railroad operations, the OSHA standards apply according to their terms in the railroad industry." 43 Fed.Reg. at 10589.

OSHA regulations in the evidence, and because the trial court instructed the jury that OSHA standards applied to the railroad. The jury instruction incorrectly held the railroad to a specific government agency standard of care. This error creates "a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1372 (5th Cir. 1981). Southern Pacific is therefore entitled to have this case reversed and remanded for new trial.[2]

REVERSED AND REMANDED.

---

**2.** Because we hold that the court's instruction to the jury constitutes reversible error, we need not reach the issue of whether the introduction of OSHA regulations into evidence was reversible error. Neither do we address the issue of whether the court erred in denying Southern Pacific's requested instruction on the nontaxability of a personal injury award.