Charles A. **ALBRECHT**, Appellee,

v.

**BALTIMORE & OHIO RAILROAD COMPANY**, Appellant.

No. 85–1789.

United States Court of Appeals, Fourth Circuit.

Argued April 9, 1986.

Decided Jan. 5, 1987.

Ransom J. Davis (H. Russell Smouse, Nancy S. Allen, Melnicove, Kaufman, Weiner & Smouse, C. Keith Meiser, Baltimore, Md., on brief), for appellant.

J.B. Blumenstiel (Grieser, Schafer, Blumenstiel & Slane Co., Columbus, Ohio, William P. Baker, Baker & Baker, Baltimore, Md., on brief), for appellee.

Before WIDENER, ERVIN and WILKINSON, Circuit Judges.

WIDENER, Circuit Judge:

The defendant, Baltimore and Ohio Railroad Co., appeals from an adverse judgment under the Federal Employer's Liability Act (FELA) after a jury trial. The defendant was found, negligently, to have maintained working conditions causing the plaintiff's injury when plaintiff fell from a ladder at his work station.

On appeal, the B & O asserts that the court erroneously admitted into evidence three remedial measures which were taken by the employer after the plaintiff's accident. Since we conclude that two of these remedial measures were improperly admitted in violation of Rule 407 of the Federal Rules of Evidence, we vacate the judgment and remand for a new trial.

Charles A. Albrecht was employed by the B & O as a stationary engineer. His duties included monitoring and recording meter readings periodically from various meters and gauges in the boiler room of the railroad's Riverside Power Plant. While most of these meters were eye level, one of them was located on a wall some distance above the floor and behind a covered brine tank that was approximately four feet high and three feet in diameter. The stationary engineers, therefore, had to climb several feet and lean over the tank in order to read the meter.

The engineers first used an inverted five gallon plastic bucket to climb high enough to see the meter but abandoned it because it was hazardous. The railroad provided an aluminum A-frame ladder approximately 8 to 10 feet tall for the engineers' use, but they rarely used it, since, according to them, the concrete floor near the meter was elevated, creating a great risk of it tipping over.

One of the engineers placed a piece of wooden rung ladder against the side of the tank. Since the top of the ladder reached the top of the brine tank, the engineers

could not hold onto the ladder as their feet neared the top of it. In addition, the top rung was often against the round surface of the tank causing the ladder to wobble. The ladder was nearly always left in position against the tank.

On March 1, 1982, Albrecht attempted to ascend the ladder to read the meter during his normal course of duty. With his pad and pen in hand, he climbed the first rung and was stepping on the second rung when his foot slipped from the first rung causing him to fall backwards. He was able to keep from falling to the floor by reaching behind and catching himself, but, in so doing, he wrenched his back, causing a severe injury.

Since his accident, Albrecht has twice undergone back surgery for his injury, and remains under treatment and on medication for his pain. Albrecht was 50 years old at the time of trial and was awarded a large verdict.

The railroad admittedly destroyed and discarded the wooden rung ladder immediately after Albrecht's accident, while he was at the hospital, allegedly to prevent a recurrence of the incident. It also constructed permanent metal steps to place in front of the tank within two days of the accident. Finally, a few months after the accident, the railroad moved the meter down to eye level and out from the wall so that the engineers could read it without climbing.

Although the trial court granted the railroad's pretrial motion to exclude corrective measures under Federal Rule of Evidence 407, all three were subsequently admitted at trial. The railroad now appeals from those rulings. It also appeals from the court's ruling allowing into evidence safety regulations under the Occupational Safety and Health Act (OSHA), asserts insufficient evidence of negligence by the railroad for a finding of negligence, challenges the jury award as excessive, and complains of certain incidents at trial. We conclude that the court erroneously admitted into evidence the construction of the metal steps and the moving of the meter to eye level.

Federal Rule of Evidence 407 enacted the common law rule excluding subsequent remedial measures to prove negligence, with certain exceptions. *Werner v. UpJohn Co., Inc.*, 628 F.2d 848, 853 (4th Cir.1980), cert. denied, 449 U.S. 1080, 101 S.Ct. 862, 66 L.Ed.2d 804 (1981). Rule 407 follows:

Rule 407.  Subsequent Remedial Measures.

When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

The plaintiff argues that testimony that the meter was subsequently moved was properly admitted to show the feasibility of safer measures the railroad could have taken.

Although the railroad expressly stipulated prior to trial that feasibility was not controverted, the plaintiff points to testimony by a railroad employee at trial that it says disputed the feasibility of moving the meter prior to the accident. He, therefore, argues that this put feasibility in issue at trial, and, under Rule 407's exception, the moving of the meter was properly admitted.

We find that the feasibility of moving the meter and constructing the metal stairs was not in issue at trial until the plaintiff began questioning the witness explicitly on these measures.

Evidence of subsequent remedial measures, however, may not be used to show negligence unless under an exception in Rule 407. *UpJohn*, 628 F.2d at 853–56. It is not for the plaintiff to put feasibility in issue, for feasibility is not in issue unless and until controverted by the defendant.

*UpJohn,* 628 F.2d at 855. Here, the railroad not only did not affirmatively dispute feasibility, it conceded feasibility before the trial. The plaintiff's questioning, therefore, was improper, and the testimony with respect to moving the meter was erroneously admitted.

Following the accident, the railroad built some metal stairs for the employees to use to read the meter. One of the plaintiff's witnesses referred to them in an unresponsive part of an answer on cross-examination. The district court then permitted the plaintiffs' attorney to develop the facts as to the subsequently constructed stairs, thus admitting this second item of a subsequent remedial measure, the feasibility of which not only had been conceded, it had been testified to. This also was error.

We are of opinion that the erroneous admission of these two corrective measures warrants a new trial.

Some of the other questions raised will be answered since the case must be tried again.

■ The defendant also appeals from the court's ruling admitting evidence of the destruction of the wooden ladder. Even if this evidence may also be considered a remedial measure precluded by Rule 407, we think that this testimony was admissible.[1]

We have held that the exceptions listed in Rule 407 are not exhaustive, *UpJohn,* 628 F.2d at 856, but exceptions to the rule are to be narrowly read in order to preserve the "important policy of encouraging subsequent remedial measures." Id. We should not, however, in the process, sanction the deliberate destruction of highly relevant evidence. That the ladder itself was relevant evidence is beyond question. Thus, the facts and circumstances surrounding its destruction were matters the jury was entitled to consider in ascertaining whether or not the railroad negligently failed to maintain a safe place to work in the first instance, not as a remedial mea-

sure in the second. See *A.C. Becken Co. v. The Gemex Corp.,* 314 F.2d 839 (7th Cir. 1963); 2 *Wigmore on Evidence* (1979) § 291(3).

■ The district court read to the jury certain OSHA regulations bearing on the accident at hand. It instructed the jury that the regulations could be considered by it merely as "one more piece of evidence on the issue of negligence." It charged that the regulations were not conclusive or binding and that the application of the regulations to the facts of the case were solely for the jury to determine, as was the weight to be given to the regulations in determining the issue of negligence.

While a better form of the initial part of the instruction would be to call to the attention of the jury the particular part of the applicable regulation and instruct it that if the jury believed from the evidence that the regulation had been violated, it might consider that as evidence of negligence, we think the jury was substantially correctly instructed and that there is no reversible error.

We held in *Provenza v. American Export Lines, Inc.,* 324 F.2d 660 (4th Cir. 1963), in parallel circumstances, that the violation of a safety and health regulation for longshoring promulgated by the Secretary of Labor was evidence of negligence on the issue of negligence (p. 665) and of unseaworthiness on that issue (p. 666) in a suit by a longshoreman against the shipowner of the vessel on which he was working and also his stevedore employer as third party defendant. Following *Provenza,* we think the correct rule is stated in *Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706 (5th Cir. Unit A 1981), as follows: "In a negligence action, regulations promulgated under ... [OSHA] provide evidence of the standard of care exacted of employers, but they neither create an implied cause of action nor establish negligence per se." p. 707. That rule is consistent with 29 U.S.C. § 653(b)(4) which provides, as

---

1. Had the railroad merely removed the ladder, that might well be considered a remedial measure. But we doubt very much if the destruc-

tion of the ladder should be considered remedial.

applicable here, that OSHA shall not be construed to supersede, diminish or affect the common law or statutory duties or liabilities of employers with respect to injuries to their employees. It is also consistent with those cases which have held that a negligence per se rule is inconsistent with § 653(b)(4). See *Wendland v. Ridgefield Construction Services, Inc.*, 184 Conn. 173, 439 A.2d 954 (Conn.1981), and *Hebel v. Conrail*, 475 N.E.2d 652 (Ind.1985). More importantly to us, the rule is consistent with our opinion in *Provenza* which took into account a part of the regulation at issue there which is remarkably similar to § 653(b)(4). See *Provenza*, p. 665, and the dissenting opinion of Judge Bryan, p. 666, which emphasizes the holding of the court. But cf. *Pratico v. Portland Terminal Co.*, 783 F.2d 255 (1st Cir.1985), which holds that a negligence per se rule may be applied.

We believe there was sufficient evidence for a jury to have found the defendant to be negligent and we also are of opinion that there was evidence that a jury could have found the plaintiff to have been contributorily negligent. Thus, if supported by the evidence at a new trial, both of these issues should be submitted to the jury.

The other assignments of error of the railroad concern damages and incidents at trial not likely to recur in another trial. We express no opinion as to them.

The judgment of the district court is vacated and the case is remanded for a new trial.

VACATED AND REMANDED FOR A NEW TRIAL.