Steven D. ROBERTSON,
Plaintiff–Appellee,

v.

BURLINGTON NORTHERN RAILROAD COMPANY, a corporation,
Defendant–Appellant.

No. 93–35135.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1994.

Decided July 5, 1994.

Rexanne Gibson, Kroschel & Gibson, Bellevue, WA, for defendant-appellant.

John C. Stephenson; and Howard M. Goodfriend and Charles K. Wiggins, Edwards, Sieh, Wiggins & Hathaway, Seattle, WA, for plaintiff-appellee.

Before: WIGGINS and THOMPSON, Circuit Judges, and EZRA, District Judge.*

DAVID R. THOMPSON, Circuit Judge:

Steven D. Robertson sued Burlington Northern Railroad Company under the Federal Employers' Liability Act (FELA). He alleged he sustained a hearing loss and tinnitus (ringing in the ears) because during his employment Burlington Northern exposed him to excessive noise. Trial was before a jury. The court admitted evidence of noise standards established by the Occupational Safety and Health Act (OSHA), even though it is conceded the OSHA standards do not apply to the railroad industry.

The jury returned a verdict for Robertson. It determined his damages as a result of on-the-job exposure to noise to be $150,000. Because he was found to be four percent negligent, the award was reduced to $144,-000.

Burlington Northern appeals. It argues the district court erred in admitting the OSHA standards into evidence and abused its discretion by restricting cross-examination of Robertson's former coworker. The cross-examination would have shown the coworker settled his hearing loss claim against Burlington Northern for $17,000.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

OSHA provides, in pertinent part:

Nothing in this chapter shall apply to working conditions of employees with respect to which other Federal agencies, and State agencies acting under section 2021 of Title 42, exercise statutory authority to prescribe or enforce standards or regulations affecting occupational safety or health.

Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment.

29 U.S.C. § 653(b)(1) & (b)(4).

The district court admitted OSHA's noise standards into evidence, but instructed the jury they were not binding on Burlington Northern, nor, standing alone, could they be used to establish negligence as a matter of law. The district court allowed the jury to use the OSHA standards as some evidence of Burlington Northern's duty of care, but only in connection with all of the evidence in the case.

We have not heretofore considered the question whether OSHA standards may be admitted into evidence in an FELA case. Other circuits have considered the question, both in FELA and other cases.

* Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

In *Minichello v. U.S. Indus., Inc.,* 756 F.2d 26 (6th Cir.1985), the Sixth Circuit considered the question in a strict liability products liability suit. In that case, an expert witness testified that a bolster plate's lack of a guardrail made the plate unreasonably dangerous. On cross-examination, the defense established that an OSHA regulation required employers to guard surfaces at certain heights but not at the height in question. The Sixth Circuit stated:

> To use OSHA regulations to establish whether a product is unreasonably dangerous is ... improper. If knowledge of the regulations leads the trier of fact to find a product defective, the effect is to impermissibly alter the civil standard of liability.... We do not mean to suggest that OSHA regulations can never be relevant in a product liability case, but OSHA regulations can never provide a basis for liability because Congress has specified that they should not.

*Id.* at 29. In reversing the district court's judgment in favor of the employer, the Sixth Circuit based its holding in part on the fact that OSHA regulations pertain only to employers' conduct and the district court had not instructed the jury that the evidence was admitted only for a limited purpose. *Id.* at 29–30.

In *Velasquez v. Southern Pac. Transportation Co.,* 734 F.2d 216 (5th Cir.1984), the district court in an FELA case instructed the jury: " 'You are instructed that OSHA regulations do apply to the railroad industry in this case. A violation of these standards do [sic] not decide the question of negligence completely, but it is evidence of negligence.' " *Id.* at 218. The Fifth Circuit reversed the judgment in favor of the claimant, stating: "Because we hold that the court's instruction to the jury constitutes reversible error, we need not reach the issue of whether the introduction of OSHA regulations into evidence was reversible error." *Id.* at 219 n. 2.

The Third and Fourth Circuits have directly addressed the question. In *Reis v. National R.R. Passenger Corp.,* 960 F.2d 1156 (3d Cir.1992), the district court allowed an OSHA regulation to be admitted into evidence in an FELA case. The court instruct-

ed the jury that if the railroad violated the regulation, it would be liable because violation of the regulation would constitute negligence per se. The court also instructed the jury that the plaintiff's contributory negligence would not bar a full recovery of damages if the railroad violated the regulation. The Third Circuit held that violation of an OSHA regulation could not constitute negligence per se or bar contributory negligence in an FELA case. Retrial was not necessary, however, because admission of the OSHA regulation into evidence did not contradict the "enlarge or diminish or affect" language in OSHA (previously quoted at the outset of this opinion) and therefore "the violation of the OSHA regulation was properly admissible as evidence of ... negligence." *Id.* at 1162 n. 5 and 1165.

In *Albrecht v. Baltimore & Ohio R.R. Co.,* 808 F.2d 329 (4th Cir.1987), an engineer who fell from a ladder at his work station brought suit under the FELA against the railroad for negligently maintaining working conditions. The district court read OSHA regulations to the jury and instructed the jury that "the regulations could be considered by it merely as 'one more piece of evidence on the issue of negligence,' " *id.* at 332. The court also instructed the jury that the regulations "were not conclusive or binding and that the application of the regulations to the facts of the case were solely for the jury to determine, as was the weight to be given to the regulations in determining the issue of negligence." *Id.* The Fourth Circuit found no reversible error in these instructions or the introduction of the regulations.

In the First Circuit the rule is that violation of an OSHA regulation is negligence per se in an FELA case. *Pratico v. Portland Terminal Co.,* 783 F.2d 255 (1st Cir.1985).

We decline to follow the negligence per se rule of the First Circuit. Instead, we adopt the view of the Third and Fourth Circuits. OSHA standards may be admitted in an FELA case as some evidence of the applicable standard of care. Such evidence, however, is to be considered only in relation to all other evidence in the case, and a violation of an OSHA regulation is not negligence

per se. The district court made this clear. It instructed the jury:

> Evidence has been introduced in this case on the subject of Occupational Safety and Health Administration (OSHA) standards, Environmental Protection Agency (EPA) standards, and National Institute of Safety and Health (NIOSH) standards, for the limited purpose of suggesting noise level guidelines. These standards are binding on certain industries in the United States. In those industries as to which the standards are binding, a violation of the standards, standing alone, constitutes negligence as a matter of law. These standards are not binding on defendant Burlington Northern in this lawsuit. The issue of negligence in this case must be determined . by you based upon all the evidence submitted to you, and by applying the law as I have instructed you.

We hold this instruction was proper and the district court did not err in admitting the OSHA noise-level regulation into evidence.

## II

 Burlington Northern next challenges the district court's ruling limiting cross-examination.

On direct examination, one of Robertson's former coworkers testified that he was exposed to loud noise during his employment with Burlington Northern and was never provided with ear protection. Robertson's counsel brought out the fact that the coworker had asserted a hearing loss claim against Burlington Northern. The claim had been settled and a release had been signed.

The district court limited cross-examination to the paragraph of the release that stated Burlington Northern had not admitted liability in settling the claim. Burlington Northern argues the district court abused its discretion by prohibiting it from establishing on cross-examination that the coworker had accepted $17,000 in settlement of his hearing loss claim. We reject this argument.

Burlington Northern was permitted to introduce other evidence of the coworker's bias by establishing that he resented some of the people at the railroad. Knowledge of the

amount of the coworker's settlement would not have assisted the jury in evaluating his credibility, bias, or motivation. *See Lewy v. Southern Pac. Transportation Co.,* 799 F.2d 1281, 1298 (9th Cir.1986) ("as long as a jury is provided 'sufficient information [overall] to appraise the bias and motives of [a] witness,' we have generally not found the trial court to have abused its discretion.") (citing *United States v. Ray,* 731 F.2d 1361, 1364–65 (9th Cir.1984); *United States v. Jackson,* 756 F.2d 703, 707 (9th Cir.1985); *Skinner ·v. Cardwell,* 564 F.2d 1381, 1389 (9th Cir.1977), *cert. denied,* 435 U.S. 1009, 98 S.Ct. 1883, 56 L.Ed.2d 392 (1978)). Moreover, telling the jury the coworker had accepted $17,000 to settle his claim would have injected into the case nondispositive collateral issues pertaining to the relative degrees of negligence and contributory negligence in the two cases, as well as the relative severity of Robertson's hearing loss compared to that of his coworker.

## III

We reject Robertson's request for an award of attorney fees and double costs under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1912. Prior to this case, we had not decided the question whether OSHA standards may be admitted as evidence in an FELA case. Burlington's appeal is not wholly without merit.

AFFIRMED.