Constance MARTIN, individually and as Administratrix of the estate of Harris T. Martin, deceased, Plaintiff,

v.

MAPCO AMMONIA PIPELINE, INC., Defendant.

Martin BELL and Dianna Bell, Plaintiffs,

v.

MAPCO AMMONIA PIPELINE, INC., Defendant.

Civ. A. Nos. 93–2218–GTV, 93–2303–GTV.

United States District Court, D. Kansas.

Oct. 13, 1994.

Memorandum and Order On Reconsideration Nov. 1, 1994.

Curtis L. Tideman, Lathrop & Norquist, Overland Park, KS, Douglas R. Dalgleish, Thomas S. Stewart, Lathrop & Norquist, Kansas City, MO, for plaintiffs.

Bradley S. Russell, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, Leonard J. Johnson, Mark E. Harris, Morrison & Hecker, Kansas City, MO, Dana M. Harris, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Mid–America Pipeline Co.

Ronald D. Montieth, Eric T. Swanson, R. Alexander Pryor, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, MO, for Mapco Ammonia Pipeline, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on the following motions:

Plaintiffs' motion in limine to exclude evidence of the federal Pipeline Safety Act and its regulations (Doc. 95 in case 93–2218); and

Plaintiffs' motion to amend the pretrial orders (Doc. 109 in 93–2218 and Doc. 82 in 93–2303).

For the reasons set forth below, the motions are denied.

These diversity jurisdiction personal injury and wrongful death lawsuits arise out of an accidental discharge of anhydrous ammonia which occurred near Haviland, Kansas. As a result of that discharge, plaintiff Constance Martin's husband, Harris T. Martin, was killed, and plaintiff Martin Bell sustained serious injuries. Defendant MAPCO Ammonia Pipeline, Inc., owns and operates the ammonia pipeline system where this accident occurred. At the time of the accident, Mr. Martin and Mr. Bell were employed by McPherson Backhoe Service, a contractor which was performing various types of maintenance work. The cases have been consolidated for trial which is scheduled to begin on November 7, 1994.

### I. Motion in Limine

■ In their motion in limine, plaintiffs seek to exclude from evidence the Pipeline Safety Act, 49 U.S.C. §§ 60101 et seq.[1] (the Act), and any regulations promulgated under the Act. Plaintiffs contend that the defendant should be prevented from using evidence of compliance with the Act and its regulations as a defense to negligence because the Act itself prohibits it. The Act specifically provides that it "does not affect the tort liability of any person." 49 U.S.C. § 60120(c).

The Act's original version is the Natural Gas Pipeline Safety Act of 1968. The House Committee Report commenting on the legislation noted that the above cited provision "is designed to assure that the tort liability of any person existing under common law or any statute will not be relieved by reason of the enactment of this legislation or compliance with its provisions." H.R.Rep. No. 1390, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.C.C.A.N. 3223, 3239.

It is clear from the plain language of the statute, which is further supported by the legislative history, that evidence of compliance with the Act and its regulations cannot be the basis for avoiding liability in a tort action. The question remains, however, whether such evidence could be admissible in a negligence action to show the applicable standard of care and defendant's conformity with that standard. Plaintiffs appear to argue that even allowing such evidence to be introduced would serve to "affect" tort liability and therefore be prohibited under the terms of the Act.

The court has uncovered no published opinions which directly address this question. At least one court has ruled that the Pipeline Safety Act did not create a private right of action. See Doak v. City of Claxton, Georgia, 390 F.Supp. 753 (S.D.Ga.1975). The question of whether evidence of compliance with the Act may be introduced in a negligence action, however, has not been previously addressed.

While this issue has not been decided with reference to the Pipeline Safety Act, a number of courts have ruled on the question with respect to a similar provision contained in the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 655 et seq. The OSHA provision states:

> Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of employment.

29 U.S.C. § 653(b)(4).

The Tenth Circuit has ruled that this provision does not prohibit all reference to OSHA regulations, but made no ruling on whether OSHA regulations could be introduced as evidence relating to standard of care. In McHargue v. Stokes Div. of Pennwalt Corp., 912 F.2d 394 (10th Cir.1990), the defendant in a products liability action as-

---

1. The current version of the Pipeline Safety Act is codified at 49 U.S.C. § 60101 et seq. See Pub.L. No. 103–272, 108 Stat. 1323 (1994).

serted that the devices in question met recognized industry standards. In order to bolster the credibility of those standards, the defendant elicited testimony that OSHA recognized the industry standards, and that no other standards existed for the machinery in question. *Id.* at 396. The Tenth Circuit ruled that the trial court did not abuse its discretion in allowing testimony about OSHA because the OSHA standards were not introduced to either prove that the device met OSHA regulations or to set out standards of care. *Id.*

Other circuits have considered the question of whether OSHA standards may be admitted into evidence. In a recent decision, the Ninth Circuit ruled that the district court did not err in admitting an OSHA noise-level regulation into evidence in an action brought under the Federal Employers' Liability Act (FELA). *See Robertson v. Burlington Northern R.R. Co.,* 32 F.3d 408 (9th Cir. 1994). The court held that "OSHA standards may be admitted in a FELA case as some evidence of the applicable standard of care. Such evidence, however, is to be considered only in relation to all other evidence in the case, and a violation of an OSHA regulation is not negligence per se." *Id.* at 410–11. The court also approved the district court's limiting instruction to the jury. *Id.*

In finding such evidence admissible, the Ninth Circuit followed similar rulings of the Third and Fourth Circuits. *See Ries v. National R.R. Passenger Corp.,* 960 F.2d 1156 (3d Cir.1992) (holding that admission of OSHA regulation into evidence did not contradict the "enlarge or diminish or affect" language in OSHA and therefore was proper evidence of negligence); *Albrecht v. Baltimore & Ohio R.R. Co.,* 808 F.2d 329 (4th Cir.1987) (upholding district court reading OSHA regulations to jury and instructing that regulations could be considered as evidence of negligence but were not conclusive on the issue).

While the Sixth Circuit did reverse a judgment after finding that OSHA regulations were improperly admitted, in doing so the court did not hold that the regulations were always inadmissible. In *Minichello v. U.S. Industries, Inc.,* 756 F.2d 26 (6th Cir.1985), the court held that it was improper to introduce OSHA regulations in a product liability suit to establish whether a product was unreasonably dangerous. The court stated:

> If knowledge of the regulations leads the trier of fact to find a product defective, the effect is to impermissibly alter the civil standard of liability.... We do not mean to suggest that OSHA regulations can never be relevant in a product liability case, but OSHA regulations can never provide a basis for liability because Congress has specified that they should not.

*Id.* at 29. The court based its holding in part on the fact that OSHA regulations apply only to an employer's conduct, and that the district court had not instructed the jury that the evidence was only admitted for a limited purpose. *Id.* at 29–30.

In a later case, the Sixth Circuit reversed because the district court refused to give a limiting instruction regarding testimony in which OSHA regulations were read and commented upon. In *Bailey v. V & O Press Co., Inc.,* 770 F.2d 601 (6th Cir.1985), the district court refused to admit the regulations in question, but did permit extensive testimony about them. The Sixth Circuit panel held that "[w]hile the initial admission and use of this evidence may have been proper, the court's failure to include a limiting instruction after submitting the case to the jury on the strict liability claim permitted unrestricted consideration of the testimony." *Id.* at 608–09.

■ Because the OSHA provision which precludes use of that statute to "enlarge or diminish or affect" any rights under state law is similar to the provision contained in the Pipeline Safety Act, it is proper to analogize from the cases just discussed. This court is persuaded by the reasoning of the majority of circuits[2] that have considered this issue

---

2. In addition to the cases discussed, the First Circuit has ruled that violation of an OSHA regulation constitutes negligence per se in a FELA case. *Pratico v. Portland Terminal Co.,* 783 F.2d 255 (1st Cir.1985). The Fifth Circuit has not directly ruled on the use of OSHA evidence. *See Velasquez v. Southern Pac. Transp. Co.,* 734 F.2d 216 (5th Cir.1984) (reversing judgment based on

**1308**

and which have held that OSHA standards can be admitted to show evidence relating to standard of care, but cannot be considered conclusive proof of negligence or the absence of negligence. The court finds that this standard should also apply in this case if defendant offers evidence of the Pipeline Safety Act or its regulations.

■ Plaintiff argues that defendant should not be permitted to offer evidence of compliance with the Act or regulations to establish a defense under the Kansas Product Liability Act, and specifically K.S.A. § 60–3304(a), which provides:

> When the injury-causing aspect of the product was, at the time of manufacture, in compliance with legislative regulatory standards or administrative regulatory safety standards relating to design or performance, the product shall be deemed not defective by reason of design or performance, or, if the standard addressed warnings or instructions, the product shall be deemed not defective by reason of warnings or instructions, unless the claimant proves by a preponderance of the evidence that a reasonably prudent product seller could and would have taken additional precautions.

If, under this provision, the defendant could establish the absence of negligence simply by showing that it complied with the requirements of the Pipeline Safety Act, then it is possible that such evidence could impermissibly "affect" defendant's tort liability and thus be precluded by 49 U.S.C. § 60120(c).

■ Under Kansas law, however, conformity with statutory or regulatory standards is not conclusive proof that a defendant is not liable in a products liability suit. "A plaintiff may overcome the presumption a product acquires when in compliance with regulatory standards, by establishing 'by a preponderance of the evidence that a reasonably prudent product seller could and would have taken additional precautions.'" *Pfeiffer v. Eagle Mfg. Co.*, 771 F.Supp. 1133, 1138 (D.Kan.1991). "Compliance is not dispositive

under Kansas law if the plaintiff shows that a reasonable manufacturer would have done more." *O'Gilvie v. International Playtex, Inc.*, 821 F.2d 1438, 1443 (10th Cir.1987), *cert. denied*, 486 U.S. 1032, 108 S.Ct. 2014, 100 L.Ed.2d 601 (1988).

Because the presumption created by K.S.A. § 60–3304(a) is not a conclusive one, evidence of the Pipeline Safety Act and its regulations is not precluded by 49 U.S.C. § 60120(c) and is admissible as evidence of the appropriate standard of care and defendant's conformity with that standard. Plaintiffs' motion in limine to exclude such evidence is denied.

*II. Motion to Amend Pretrial Order*

■ In juxtaposition to plaintiffs' motion in limine in which they seek to preclude evidence of the Pipeline Safety Act, plaintiffs in their motion to amend the pretrial order seek to add a claim for treble damages, plus costs and attorneys fees, pursuant to K.S.A. § 66–176, because of defendant's alleged failure to comply with federal pipeline safety regulations.

The final pretrial conference in this case was held on July 26, 1994, and discovery closed on August 5, 1994, although the parties agreed to take additional depositions following the close of discovery. The court entered the final pretrial order on August 26, 1994. Plaintiffs filed their motion to amend the pretrial order on September 7, 1994. Plaintiffs state that the claim for damages pursuant to K.S.A. § 66–176 did not become apparent until the deposition of Royse Parr, MAPCO Ammonia's designated corporate representative, on September 2, 1994. Plaintiffs further claim that they had not been allowed to depose Mr. Parr earlier.

A pretrial order entered after the final pretrial conference may not be amended except to "prevent manifest injustice." Fed. R.Civ.P. 16(e). No such compelling reason exists here. Plaintiffs claim that they were "not allowed" to depose Mr. Parr prior to

error in jury instruction and not reaching issue of whether introduction of OSHA regulations was error); *Dixon v. International Harvester Co.*, 754 F.2d 573 (5th Cir.1985) (not resolving question of whether OSHA regulations were admissible, but finding that even if inadmissible error was harmless).

September 2, 1994, but the record does not disclose that any attempts were made to compel the taking of the deposition at an earlier time, prior to the close of discovery. Nor have plaintiffs alleged that the information needed to support its claim could not have been obtained through other means during the course of discovery.

Plaintiffs claim that this amendment would add nothing substantively new to the case as it would affect the measure of damages only. It appears to the court, however, that some substantive issues will necessarily be introduced by the addition of this claim. At a minimum, plaintiff would be required to establish that defendant is covered by the federal regulations governing pipeline owners and operators, and that those regulations were violated. This would necessarily introduce issues and evidence into the case beyond that required by plaintiffs' existing claims.

The court finds no compelling reason to amend the pretrial order, and plaintiffs' motion is therefore denied. Because of this ruling, the court will not address the substantive issues raised by defendant in its opposition to the motion.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion in limine to exclude evidence of the federal Pipeline Safety Act and its regulations (Doc. 95 in case 93–2218) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to amend the pretrial orders (Doc. 109 in 93–2218 and Doc. 82 in 93–2303) is denied.

**IT IS SO ORDERED.**

### MEMORANDUM AND ORDER ON RECONSIDERATION

This case is before the court on plaintiffs' Motion to Reconsider the Ruling Denying Plaintiffs' Motion to Amend Pre–Trial Orders (Doc. 118 in 93–2218 and Doc. 86 in 93–2303). For the reasons set forth below, the motion is denied.

These cases have been consolidated for trial which is scheduled to begin on November 14, 1994. On September 7, 1994, plaintiffs filed a motion to amend the pretrial order to add a claim for treble damages, plus costs and attorneys fees, pursuant to K.S.A. 66–176, based on defendant's alleged failure to comply with federal pipeline safety regulations. The court denied the motion on the grounds that plaintiffs failed to establish that the information needed to support their claim could not have been obtained earlier in the course of discovery. The court further found that the proposed amendment would add substantive issues to the case that were not previously identified. For these reasons, the court found that no compelling reason existed to amend the pretrial order.

■ A motion to reconsider is a creature of local rule. See D.Kan.Rule 206(f); *Prudential Sec., Inc. v. LaPlant,* 151 F.R.D. 678, 679 (D.Kan.1993). Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga.1989); *see Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

■ Plaintiffs have not cited any intervening change in controlling law and have not established that the court's ruling constituted clear error or would result in manifest injustice. Plaintiffs have presented additional facts regarding the sequence of events leading up to the filing of their motion to amend the pretrial order, but this information was available at the time plaintiffs filed their motion to amend. Even taking this additional information into consideration, the court cannot conclude that plaintiffs have established that the facts necessary to support the additional claim could not have been ascertained prior to the scheduled close of discovery.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiffs' motion for recon-

sideration (Doc. 118 in 93–2218 and Doc. 86 in 93–2303) is denied.

**IT IS SO ORDERED.**