Justin JOHNSON, Plaintiff—Appellant,

v.

ARCTIC STORM INC; et al.,
Defendants—Appellees.

No. 03–35151.

D.C. No. CV–01–01353–RSL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2004.

Decided May 24, 2004.

William S. Bailey, Fury & Bailey, Seattle, WA, for Plaintiff–Appellant.

Donald P. Marinkovich, William A. Keller, LeGros, Buchanan & Paul, Seattle, WA, for Defendants–Appellees.

Before HUG, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

After slipping and falling off a ladder on a boat, Plaintiff Justin Johnson ("Johnson") sued Defendants Arctic Storm, Inc. and Sea Storm Fisheries, Inc. (collectively, "Arctic Storm"), alleging negligence under

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the Jones Act due to (1) the condition of the ladder from which he fell, (2) the failure to train him regarding the proper method of using the ladder, and (3) the failure to train him regarding the proper method of greasing the winches. Johnson also alleged that the condition of the ladder made the vessel unseaworthy. After conducting a bench trial and issuing findings of fact and conclusions of law, the district court entered judgment in favor of Arctic Storm on all counts. Johnson timely appeals from the judgment. The district court had original jurisdiction over this admiralty case pursuant to 28 U.S.C. § 1333, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court on all counts.[1]

## I

■ Ample evidence supports the district court's finding that the condition of the ladder was not "unreasonably greasy or otherwise dangerous" prior to the February 8 accident. All of the evidence adduced by Johnson that the ladder was greasy—e.g., photos of the ladder and Gleason's testimony—post-dated the incident. Johnson himself could not say for certain that there was grease on the ladder when he used it on February 8. And none of the other crew members recalled seeing or hearing complaints about any grease around the ladder prior to the accident. The evidence, however, supports the district court's finding that any grease on the ladder was a temporary circumstance caused by Johnson himself.[2] Therefore, the district court did not err in finding that Arctic Storm was not negligent under the Jones Act because of the condition of the ladder.

## II

In light of the district court's finding that the top rung of the ladder was not unreasonably dangerous prior to the February 8 accident, the district court properly rejected Johnson's unseaworthiness claim because he was unable to show that "the equipment used was not reasonably fit for its intended use...." *Ribitzki v. Canmar Reading & Bates, Ltd.*, 111 F.3d 658, 664 (9th Cir.1997).

## III

■ The district court correctly concluded that Arctic Storm had no duty to train Johnson to face a ladder when using it because "[t]he law does not impose a duty to warn of an obvious danger." *Poston v. United States*, 396 F.2d 103, 107 (9th Cir.1968). The existence of Occupational Safety & Health Administration ("OSHA") regulations requiring that employees be instructed on proper ladder usage does not require a contrary conclusion. *See Robertson v. Burlington N.R. Co.*, 32 F.3d 408, 410–11 (9th Cir.1994) (holding that "a violation of an OSHA regulation is not negligence per se"); *see also* 29 U.S.C. § 653(b)(4) ("Nothing in [the OSHA statutory scheme] shall be construed to ... enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of em-

---

**1.** Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

**2.** Johnson argues that this factual finding is an implicit (and erroneous) endorsement of the doctrine of contributory negligence. We disagree. Contributory negligence holds that a plaintiff's negligence "bars recovery against a defendant whose negligent conduct would otherwise make him liable...." Restatement (Second) of Torts § 467 (1965). However, the district court found that Arctic Storm's conduct was not negligent *at all*—the top rung was simply not dangerous prior to Johnson's accident.

ployers ... with respect to injuries ... arising out of, or in the course of, employment."). And contrary to Johnson's suggestion, Arctic Storm did not owe a heightened duty of care to its younger crew members, where the proper technique for climbing a ladder should be obvious to anyone with Johnson's background and experience.

## IV

Finally, the district court did not err in finding that Arctic Storm was not negligent for failing to train Johnson on the proper technique for greasing the winches. Notably, Johnson did not testify that he was instructed to grease the winches on the day of the accident. In fact, neither Parnell nor Branstiter even knew that Johnson was greasing the winches that day. In light of this evidence, the district court did not clearly err in finding that no one had asked Johnson to grease the winches and that, therefore, Arctic Storm owed no duty to train Johnson in such a task.

\*    \*    \*    \*    \*    \*

Accordingly, we AFFIRM the district court's judgment on all counts.