**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENETTE A. PAREDES,

    Plaintiff-Appellant,

 and

EDGARD PAREDES, Sr.,

    Plaintiff,

 v.

UNITED STATES OF AMERICA, dba
Department of the Navy, The Navy
Exchange Mall at Pearl Harbor,

    Defendant-Appellee,

 and

JOHN DOES, 1-10; et al.,

    Defendant.

No. 22-15459

D.C. No. 1:19-cv-00161-WRP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Wes R. Porter, Magistrate Judge, Presiding

Submitted June 9, 2023[**]

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

This case, brought under the Federal Tort Claims Act, 28 U.S.C. § 1346, arises from a slip and fall accident on a recently mopped floor in the food court of the Navy Exchange at Pearl Harbor. Following a four-day bench trial, the district court found that Plaintiff Kenette Paredes failed to establish Defendant United States' negligence, and that Paredes's contributory negligence was greater than any negligence by the government and thus barred her recovery. On appeal, Paredes challenges the district court's factual findings and its legal conclusion that state and federal workplace regulations, while relevant, are not dispositive in determining whether the government was negligent.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings for clear error and reverse only if "on the entire evidence" we are "left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (internal quotation marks and citation omitted). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Id.* at 574. We

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the district court's legal conclusions regarding the standard of care de novo. *See Miller v. United States*, 587 F.2d 991, 994–95 (9th Cir. 1978). We affirm.

1.       The district court did not clearly err in its negligence determination because there is an adequate basis in the record for each of its factual findings. First, the district court's determination as to the size of the mopped area was supported by the evidence, there is no indication the district court failed to consider relevant evidence, including the "length axis" of the mopped area, and the court's credibility findings were proper. Reversal is not warranted merely because Paredes disagrees with the district court's conclusion that the mopped area was "relatively small." *See Anderson*, 470 U.S. at 574. The district court's determination regarding the cone's location was also supported by the evidence.

Second, Paredes's contention that the district court failed to consider all relevant evidence is not supported by the record. The court explained its reasoning, which was supported by the record, and stated that it reviewed all the testimony and exhibits presented, which included discussions about additional warning measures.

Third, the court's finding that Paredes was not credible is supported by significant inconsistencies in Paredes's testimony. Given these inconsistencies, the deferential review of the district court's credibility determinations, and Navy Loss Prevention/Safety Investigator Jessica Cardenas's consistent testimony, which was

credited by the district court, the district court's finding was not clearly erroneous. *See id.* at 575.

Fourth, the district court properly considered testimony from the government's experts, and Paredes's argument on appeal based on a purported logical contradiction in the testimony is unpersuasive. Thus, Paredes has not demonstrated that the district court clearly erred in making any of these challenged factual findings.

2. Paredes argues that the violation of state and federal workplace regulations should have been used as evidence of negligence and that, because there is no dispute that the government failed to comply with such regulations, the government was negligent per se. The district court correctly held that state and federal workplace regulations are relevant, but not dispositive, in determining whether the government was negligent under Hawaii law.[1] *See, e.g.*, *Michel v. Valdastri, Ltd.*, 575 P.2d 1299, 1301 (Haw. 1978); *Pickering v. State*, 557 P.2d 125, 127 (Haw. 1976); *see also Robertson v. Burlington Northern R. Co.*, 32 F.3d 408, 410–11 (9th Cir. 1994). The district court therefore did not err by considering applicable state and federal workplace regulations but ultimately concluding that,

---

[1] Because the alleged tort occurred in Hawaii, that state's law governed this action. *See Pacheco v. United States*, 21 F.4th 1183, 1187 (9th Cir. 2022).

4

"in relation to all other evidence," Paredes was adequately warned of the potential risk.

3.     The district court's conclusion that Paredes's contributory negligence was greater than any negligence by the government was not clearly erroneous for the same reasons supporting its finding on the government's negligence.

**AFFIRMED.**

5