**Charles KOCH, Plaintiff,**

v.

**SHELL OIL COMPANY and Feed Specialties Co., Inc., Defendants.**

**Civil A. No. 92–4239–DES.**

United States District Court, D. Kansas.

Jan. 11, 1996.

Ronald R. Hein and Stephen P. Weir, Hein, Ebert & Weir, Chtd., Topeka, KS, for plaintiff.

Hal D. Meltzer, Turner & Boisseau, Chartered, Overland Park, KS, and James P. Nordstrom, Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

## I. INTRODUCTION

This matter is before the court on the defendant Shell Oil Company's motion to al-ter, amend and/or clarify the court's memorandum and order entered November 14, 1995 (Doc. 113).

## II. BACKGROUND

From April 1979 through October 1981, Mr. Koch fed his dairy cows Rabon, a feed additive containing an oral pesticide. Rabon was manufactured by Shell Oil Company ("Shell") and distributed by Feed Specialties, Inc. ("Feed Specialties"). Beginning in May 1979, and continuing until July 1986, a significant number of the plaintiff's cattle died. The plaintiff purchased his last batch of Rabon in September 1981, and ceased using the product at the end of October 1981, because he suspected that the product was involved in the death of his cattle. The plaintiff himself has experienced health problems since the 1980s, which he attributes to his exposure to Rabon.

In March 1991, experts developed a test which could detect Rabon in fat tissue. In April 1991, these experts confirmed the presence of Rabon in tissue taken both from Mr. Koch, and from one of Mr. Koch's bulls that had died in 1981. On November 25, 1991, the plaintiff filed suit against Shell and Feed Specialties, alleging that Rabon caused the death of a substantial portion of his dairy herd, as well as physical injuries to himself.

Both defendants filed motions for summary judgment, which the court granted. The plaintiff filed a motion to alter and amend the court's order granting summary judgment in favor of the defendant Shell, which the court denied. On October 5, 1993, the plaintiff appealed the court's orders to the United States Court of Appeals for the Tenth Circuit.

On April 13, 1995, the Tenth Circuit filed a decision affirming in part and reversing in part this court's orders granting the defendants summary judgment and denying the plaintiff's motion to alter and amend the judgment entered in favor of the defendant Shell. The questions presented on appeal were whether the exceptions contained in Kan.Stat.Ann. § 60–3303(d), 60–3303(b)(2)(B), or 60–3303(b)(2)(D) save the plaintiff's action from being barred by the statute of repose contained in Kan.Stat.Ann.

§ 60–513. The Tenth Circuit held that: (1) the plaintiff's cause of action does not fall within section 60–3303(d); (2) there is no genuine issue of material fact implicating the fraud or intentional misrepresentation exception contained in section 60–3303(b)(2)(B); and (3) this court erred in concluding that the plaintiff may not invoke the exceptions contained in section 60–3303(b)(2)(D). Accordingly, the court of appeals remanded the case for consideration of the plaintiff's argument under section 60–3303(b)(2)(D).

Section 60–3303(b)(2)(D) provides three alternative tests to be used in determining whether a plaintiff's claim is exempt from the ten-year period of repose: (1) "if the harm was caused by prolonged exposure to a defective product," or (2) "the injury-causing aspect of the product that existed at the time of delivery was not discoverable by a reasonably prudent person until more than 10 years after the time of delivery," or (3) "if the harm caused within 10 years after the time of delivery, did not manifest itself until after that time." On remand, we held that the plaintiff had presented sufficient evidence to establish that there exists a genuine issue of material fact as to whether the plaintiff's harm was caused by prolonged exposure to Rabon. We therefore granted the plaintiff's motion to alter and amend judgment as to the defendant Shell, and denied the defendant Feed Specialties' motion for summary judgment.

### III. *DISCUSSION*

██ Shell's motion to alter, amend and/or clarify is properly construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). *See Birdsong v. Wrotenbery*, 901 F.2d 1270, 1271–72 (5th Cir.1990); *Barry v. Bowen*, 825 F.2d 1324, 1328 (9th Cir.1987). A motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law. *Torre v. Federated Mut. Ins. Co.*, 862 F.Supp. 299, 300 (D.Kan.1994). Such a motion is essentially a motion for reconsideration. *Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989). Whether to grant or deny a motion for reconsideration is committed to the discretion of the district court. *Schweitzer–Reschke v. Avnet, Inc.*, 881 F.Supp. 530, 532 (D.Kan.1995).

In its motion, Shell asks the court to make findings of fact which we declined to make in our November 14 order. We concluded that Mr. Koch's personal physical injuries may have been the result of prolonged exposure to Rabon. The plaintiff could therefore invoke section 60–3303(b)(2)(D), and survive the defendants' motions for summary judgment. We did not, as Shell states, imply that the injuries to the plaintiff's cattle were not from prolonged exposure. Rather, we addressed the plaintiff's personal physical injuries, as opposed to the cattle's injuries, because Shell urged upon the court a reading of the statute which would have ignored the plaintiff's personal injuries.

██ In ruling on a motion for summary judgment, the court "must not decide any factual issues it finds in the records; if factual issues are present, the court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). We determined in our November 14 order that a factual issue exists as to whether the plaintiff's harm was caused by prolonged exposure to a defective product. The resolution of the issue must await trial.

Shell next contends that the court's statement that "Rabon was manufactured by Shell" is incorrect. The defendant refers to its supplemental brief in response to the plaintiff's brief on remand (Doc. 104), to which it attached Feed Specialties' admission that all Rabon used in Feed Specialties' Rol Pre–Mix product was manufactured by Diamond Shamrock.

██ The Tenth Circuit found that Shell manufactured Rabon. The court of appeals did not remand for us to make findings of fact on that issue. Rather, the single issue remanded was whether section 60–3303(b)(2)(D) could operate to save the plaintiff's claim. Whether Shell manufactured the Rabon used by the plaintiff was not properly before the court, and we are therefore not at liberty to decide that issue. *See In re United States Steel Corp.*, 479 F.2d 489, 493 (6th Cir.1973), *cert. denied, Fuhrman v. U.S.*

*Steel Corp.,* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973) (trial court must upon remand proceed in accordance with the mandate established by the appellate court).

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's motion to alter, amend and/or clarify the court's memorandum and order entered November 14, 1995 (Doc. 113), is denied.