**Wally LOUM, Plaintiff,**

v.

**HOUSTON'S RESTAURANTS, INC., Defendants.**

**No. 97–2067–JWL.**

United States District Court, D. Kansas.

Feb. 5, 1998.

---

Charles A. Dixon, Kansas City, KS, for Plaintiff.

Mark A. Ferguson, Sheila T. Williams, Glenn A. Jewell, Lathrop & Gage, L.C., Overland Park, KS, for Defendants.

### *MEMORANDUM AND ORDER*

LUNGSTRUM, District Judge.

Plaintiff, Wally Loum, brought race discrimination claims against his former em-

ployer. This Court granted summary judgment and the case was dismissed. (Doc. 56). Plaintiff has filed a motion for reconsideration of this Court's motion for Summary Judgment pursuant to Fed.R.Civ.P. 59 and 60. (Doc. 55). For the reasons set forth below, plaintiff's motion is denied.

■ The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *See Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995). The Rules of Practice and Procedure for the District of Kansas do contain a provision entitled "Motions to Reconsider." D.Kan. Rule 7.3. However, this provision is intended to apply only to non-dispositive judgments and orders. *See Steele v. Ellis*, 961 F.Supp. 1458, 1467 (D.Kan.1997). Plaintiff's motion is properly considered as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or in the alternative, a motion for relief from judgment pursuant to Fed.R.Civ.P. Rule 60(b). *See Steele*, 961 F.Supp. at 1467.

■ Whether a motion will be considered under Rule 59(e) or under rule 60(b) depends on the time that motion is served. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). A Rule 59(e) motion must be served within ten days of judgment. In most instances, the Court will apply Rule 59(e) if it is served within the ten day period. *See id.* Motions filed after that time must be considered under Rule 60(b). *See id.* (Citations omitted). Plaintiff filed his motion eleven days after this Court's entry of judgment.[1] This Court has no jurisdiction to extend the time period dictated by Rule 59(e). *See* Fed.R.Civ.P. 6(b). Therefore, Plaintiff's motion must be considered under Rule 60(b).

■ Relief under Rule 60(b) should be granted only in exceptional circumstances. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990). A party seeking Rule 60(b) relief must satisfy one or more of the six grounds stated in the rule. *See Van Skiver*, 952 F.2d

at 1244. Plaintiff asks this Court for relief pursuant to Rule 60(b)(3) regarding fraud, misrepresentation or misconduct to the Court by the adverse party. Plaintiff asserts that Defendant has not produced certain employee records pursuant to a discovery request. (Doc. 55 at 8–9). A party seeking relief under Rule 60(b)(3) must provide clear and convincing evidence of fraud, misrepresentation or misconduct by the other party. *See Anderson v. Department of Health and Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990), *aff'd*, 80 F.3d 1500 (10th Cir.1996). Plaintiff makes no showing that Defendant acted with any intent to defraud or deceive the Court. *See Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir.1995), *cert. denied*, 516 U.S. 1045, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996). Furthermore, Mr. Loum's allegations do not provide this Court with clear and convincing evidence that any wrongdoing occurred. Relief under Rule 60(b)(3) is unwarranted.

■ This Court finds no other grounds which would entitle Mr. Loum to Rule 60 relief. The District Court may release a party from a judgment for any of the grounds stated in Rule 60(b) or "for any other reason justifying relief from operation of the judgment." Fed.R.Civ.Proc. 60(b)(6). This "catch all" provision gives the District Court discretion to grant relief in extraordinary circumstances. *See Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993) *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). However, this power should be reserved for situations in which it "offends justice" to deny relief. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1147 (10th Cir.1990). Mr. Loum does not offer any extraordinary circumstances exist which would entitle him to Rule 60(b)(6) relief. In support of his motion, Plaintiff reargues the issues considered in the motion for summary judgment and challenges this Court's ruling. These arguments may be appropriate in a Rule 59(e) motion or an appeal. However, they do not

---

1. Judgment was entered on November 25, 1997. (Doc. 53). Pursuant to Fed.R.Civ.P. 6(a), a total of five (5) days were excluded from the ten day period, including two weekends and Thanksgiving Day. The last day of the ten day period was December 11, 1997. Plaintiff filed his motion on December 12, 1997.

raise proper grounds for Rule 60(b) relief. *See Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1992). Granting a Rule 60 motion without basis for relief would be an abuse of this Court's discretion. *See Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 580 (10th Cir.1996). Plaintiff's Rule 60 motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for relief from judgment (Doc. 55) is denied.

**IT IS SO ORDERED.**