**Mohammad M. SHINWARI, Plaintiff,**

v.

**RAYTHEON AIRCRAFT COMPANY, Defendant.**

**Civil Action No. 97–2617–KHV.**

United States District Court, D. Kansas.

Oct. 15, 1998.

Bobbie R. Bailey, Kansas City, MO, for Plaintiff.

Terry L. Mann, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, KS, for Defendant.

Daniel J Sevart, Sevart & Sevart, Wichita, KS, pro se.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff, a former employee of Raytheon Aircraft Company ("Raytheon"), brought suit under Section 1981, Title VII, the ADEA, and state common law, alleging employment discrimination, retaliation, and breach of contract. On July 23, 1998, the Court sustained defendant's motions for summary judgment and partial dismissal. *See Shinwari v. Raytheon Aircraft Co.,* 16 F.Supp.2d 1308, 1998 WL 596343 (D.Kan. 1998). The matter now comes before the Court on *Plaintiff's Rule 59(e) Motion To Reconsider And Thereby Alter, Amend And Vacate The Order Of Summary Judgment Entered July 24, 1998* (Doc. # 90) filed August 7, 1998. Plaintiff contends that reconsideration is necessary to correct the Court's misapprehension of the law and the relevant facts. For reasons set forth below, the motion is overruled.

### Legal Standards

 The Court has discretion whether to grant or deny a motion for reconsideration.[1] *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988); *Torre v. Federated Mut. Ins. Co.,* 906 F.Supp. 616, 617–18 (D.Kan.1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. *Martin v. MAPCO Ammonia Pipeline, Inc.,* 866 F.Supp. 1304, 1308 (D.Kan.1994); *Marx v. Schnuck Mkts., Inc.,* 869 F.Supp. 895, 897 (D.Kan.1994). *See also Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990)(motion to reconsider appropriate when court has obviously misapprehended party's position, facts, or applicable law, or when party introduces new

evidence that could not have been obtained through exercise of due diligence).

 A motion to reconsider is not a second chance for the losing party to make his strongest case or to dress up arguments that previously failed. *Voelkel v. General Motors Corp.,* 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir.1994). Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

### Factual Background

The Court's order of July 23, 1998, sets forth a chronology which traces the evolution of plaintiff's claims throughout the history of this dispute, as well as a detailed summary of the factual background. *See Shinwari,* 16 F.Supp.2d 1308, 1311–19. In the analysis below, we address only those factual and legal issues which are relevant to plaintiff's motion for reconsideration.

### Analysis

### I. Did The Court Improperly Dismiss Plaintiff's Retaliation Claim Under Section 1981?

 Upon examination of the Pretrial Order in this case, the Court determined that plaintiff had abandoned any claim of retaliation based on protected opposition to discrimination on account of color, under 42 U.S.C. § 1981. Plaintiff challenges the "dismissal" of this claim, arguing that the factual record does not support the Court's "claim" that he opposed discrimination on the basis of age and national origin but not on the basis of color.[2] Counts II and III of the

---

1. The Federal Rules of Civil Procedure do not recognize motions for reconsideration. *See Hatfield v. Board of County Comm'rs,* 52 F.3d 858, 861 (10th Cir.1995); *Loum v. Houston's Restaurants, Inc.,* 177 F.R.D. 670, 671 (D.Kan.1998). While the Rules of Practice and Procedure for the District of Kansas contain a provision entitled "Motions to Reconsider," D. Kan. Rule 7.3, this provision is intended to apply only to nondispositive judgments and orders. 177 F.R.D. at 671 (citation omitted). Nevertheless, a motion to

alter or amend is essentially a motion for reconsideration. *Hilst v. Bowen,* 874 F.2d 725, 726 (10th Cir.1989); *Koch v. Shell Oil Co.,* 911 F.Supp. 487, 489 (D.Kan.1996).

2. Plaintiff's arguments on this issue are unclear. He contends that the Court improperly dismissed his Section 1981 claim for retaliation based on color, but then advances arguments regarding claims for discrimination based on color. Plaintiff's arguments regarding discrimination, even if

complaint, he contends, clearly allege discrimination based on race and color.

On April 20, 1998, the Court held a pretrial conference which allowed plaintiff to clarify his claims. Plaintiff's claims are now memorialized in the *Pretrial Order* (Doc. # 58) filed April 21, 1998. The Pretrial Order clearly states that "this Pretrial Order shall supersede pleadings and control the future course of the action unless modified to prevent injustice." *Id.* at 24. *See also* D. Kan. Rule 16.2(c) (pretrial order, when approved by the court and filed with clerk, controls subsequent course of action unless modified by consent of parties and court); *Hernandez v. Alexander,* 671 F.2d 402, 407 (10th Cir.1982)(pretrial order supersedes pleadings and becomes governing pattern of suit). Because the Pretrial Order supersedes the complaint, plaintiff's citations to the latter are unavailing.

Plaintiff further argues that the Pretrial Order "reiterates" his claim that defendant subjected him to discrimination in violation of Section 1981, in that it sets forth the elements of a cause of action for discrimination —— the third element of which requires plaintiff to show that "the adverse employment action he suffered was 'motivated by his national origin and *color.*' " *Memorandum In Support Of Plaintiff's Rule 59(e) Motion To Reconsider,* p.2 (emphasis in original) ("Motion To Reconsider").[3] Merely identifying the elements of a cause of action for discrimination, one of which refers to "national origin or color," is not enough; at a minimum, plaintiff must also identify how his color in fact motivated Raytheon. *See, e.g., Celotex,* 477 U.S. at 322, 106 S.Ct. 2548 (under Rule 56 movant entitled to judgment as a matter of law should nonmoving party insufficiently establish an essential element of a claim for which nonmovant has the burden); *Enfinger v. Wolf Creek Nuclear Operating Corp.,* No. 95–4071, 1995 WL 783211, at *3 (D.Kan. Oct.27, 1995)(plaintiff's complaint must set forth factual allegations, either direct or inferential, respecting each material

element necessary to sustain recovery under some actionable legal theory) (citation omitted). Plaintiff did not do so. In the portions of the Pretrial Order which immediately follow, plaintiff makes no reference to color or race. Instead, he merely states that "plaintiff is a member of a protected group: His Nation of origin is Pakistan —— he is not a native-born American citizen." *Pretrial Order,* p.10. Because the Pretrial Order contains no allegations that Raytheon subjected plaintiff to discrimination (or retaliation) on the basis of his race or color, "dismissal" of his Section 1981 retaliation claim was appropriate.

■ Plaintiff apparently argues that national origin, race and color are interchangeable and that his claim based on national origin is therefore also by definition a claim based on race or color. In support, plaintiff cites *Daemi v. Church's Fried Chicken, Inc.,* 931 F.2d 1379 (10thCir.1991) where the Tenth Circuit said:

> [A]ctually § 1981 does not outlaw national origin discrimination per se, only discrimination on the basis of race. *St. Francis College v. Al–Khazraji,* [481 U.S. 604, 613, 107 S.Ct. 2022 (1987) ]; *see* M. Player, Employment Discrimination Law § 8.02 (1988). We are cognizant, however, that often the line between national origin discrimination claims under Title VII and racial discrimination claims under § 1981 is "not a bright one." *St. Francis College,* 481 U.S. at 614, 107 S.Ct. 2022 (Brennan, J., concurring). The concept of race under § 1981 is broad. It extends to matters of ancestry which are normally associated with nationality, not race in a biological sense. *See Alizadeh v. Safeway Stores, Inc.,* 802 F.2d 111, 114–15 (5th Cir.1986) (noting that persons of Iranian descent are a protected race under § 1981, although anthropologists classify them as Caucasian); *Manzanares v. Safeway Stores, Inc.,* 593 F.2d 968, 971 (10th Cir.1979) (noting that § 1981 is "no[t] necessarily limited to the technical or restrictive meaning of 'race' ") [citation omitted]. As the

correct, do not establish that "dismissal" of his Section 1981 retaliation claim was improper. The Court need not further address this argument.

3. The Pretrial Order actually states that the adverse action must be motivated by plaintiff's "national origin *or* color." *Pretrial Order,* p. 10 (emphasis added).

Supreme Court has noted, Congress intended § 1981 to "protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *St. Francis College*, 481 U.S. at 613, 107 S.Ct. 2022 .... As a person of Iranian descent, Daemi was protected by § 1981's bar against discrimination on the ground of race. *E.g.*, *Alizadeh*, 802 F.2d at 114–15. *His pleadings indicate that he in fact sought § 1981 relief on this ground.*

931 F.2d 1379, 1387, n. 7 (10th Cir.1991)(emphasis added). In this case plaintiff seeks Section 1981 relief solely on the basis of the place or nation of his origin, not on the basis of his race, ancestry, or ethnic characteristics. *See, e.g.*, *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 613, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987)(plaintiff must prove discrimination based on fact that he was born an Arab, "rather than solely on the place or nation of his origin, or his religion"); *Aramburu v. Boeing Co.*, 112 F.3d 1398, n. 2 (10th Cir.1997)(discrimination claim based on Mexican–American ancestry fell within Section 1981's protection against racial discrimination; "Section 1981 does not protect individuals from discrimination based on national origin"). Throughout the Pretrial Order, plaintiff refers only to national origin and age; nowhere does he contend that Raytheon retaliated against him as a result of protected opposition to discrimination based on color, race, ancestry, or ethnicity. *Pretrial Order*, pp.3–9 ("Plaintiff's Factual Contentions"), and 9–11 ("Plaintiff's Legal Contentions"). Instead he contends that Raytheon retaliated against him because he had complained about "unlawful discrimination," *id.* at 10–11, and that the complaint about unlawful discrimination involved age and national origin, *id.* at 5, 8, 10. Accordingly, the Court did not err in finding that plaintiff had either abandoned or failed to assert a retaliation claim under Section 1981 based on protected opposition to discrimination on account of color.

## II. Did The Court Analyze Plaintiff's Title VII Retaliation Claim Under The Wrong Standard?

█ Plaintiff argues that the Court analyzed his Title VII retaliation claim under the wrong standard, *i.e.* the opposition clause instead of the participation clause. 42 U.S.C. § 2000e–3(a) provides in relevant part:

It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Plaintiff claims that under the participation clause, he need not have had a reasonable good faith belief that Raytheon had engaged in unlawful discrimination; instead, he need only have opposed Raytheon's activities by making an informal complaint to management. In support of his argument, plaintiff cites *Jeffries v. State of Kansas, Department of Social and Rehabilitation Services.*, a recent Tenth Circuit decision. In *Jeffries* the Tenth Circuit held that "a plaintiff may maintain an action for retaliation based on participation in a protected proceeding regardless of whether the conduct forming the basis of her underlying complaint is adjudged to violate Title VII." 147 F.3d 1220, 1231 (10th Cir.1998). The court also cited a First Circuit case which held that "there is nothing in [the] wording [of the statute] requiring that the charges be valid, nor even an implied requirement that they be reasonable." *Wyatt v. City of Boston*, 35 F.3d 13, 15 (1st Cir.1994) (citation omitted).

We fail to see the logic in plaintiff's argument. Plaintiff does not contend, nor does the record reflect, that Raytheon fired him after he "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *See, e.g.*, *Corneveaux v. Cuna Mut. Ins. Group*, 76 F.3d 1498, 1507 (10th Cir.1996)(by filing charge of discrimination with state, plaintiff engaged in proceeding arising out of discrimination); *Vasconcelos v. Meese*, 907 F.2d 111, 113 (9th Cir.1990)(purpose of participation clause to protect em-

ployee who "utilizes tools provided by Congress to protect his rights;" accusations made during employer's internal investigation not such participation)(9th Cir.1990) (citation omitted); *Morris v. Boston Edison Co.*, 942 F.Supp. 65, 71 (D.Mass.1996)(testimony during employer's internal investigation not participation).

Plaintiff's reliance on *Jeffries* does not change the nature of his retaliation claim, which is that Raytheon fired him on January 24, 1997, after he complained of discrimination to Raytheon management. *Shinwari*, 16 F.Supp.2d 1308, 1327–28. Prior to April 21, 1997, when he filed his complaint with the EEOC, plaintiff did not make a charge, testify, assist, or participate in any manner in an investigation, proceeding, or hearing under Title VII. The only other action which potentially constituted participation in a proceeding under Title VII began on December 3, 1997, when he filed this suit. Plaintiff's participation in these activities did not occur until *after* the alleged retaliation occurred, however, and it therefore cannot form the basis for his retaliation claim.

In any event, plaintiff's argument misses the mark. The Court did not sustain Raytheon's motion for summary judgment on plaintiff's Title VII retaliation claim on the ground that he did not engage in protected activity. On the contrary, the Court held that plaintiff had failed to establish a genuine issue of material fact whether Raytheon's stated reasons for his termination were pretextual. *See Shinwari*, 16 F.Supp.2d 1308, 1327–28, 1998 WL 596343, at *19. Plaintiff does not challenge that aspect of the Court's decision. Accordingly, summary judgment on plaintiff's Title VII retaliation claim was appropriate.

## III. Did The Court Properly Analyze Plaintiff's ADEA Retaliation Claim?

■ Plaintiff argues that the Court committed manifest factual errors which resulted in an improper finding that he did not engage in protected opposition to unlawful discrimination in violation of the ADEA. Plaintiff complains that the Court based its finding on allegations which are not consistent with his statement of material facts and which, according to plaintiff, "the Tenth Circuit has ruled *must* be accepted as true, and *must* be viewed in a light most favorable to the plaintiff." *Motion To Reconsider*, p. 8 (emphasis in original).[4]

These arguments again miss the mark. As with plaintiff's Title VII retaliation claim, the Court held (in part) that Raytheon had articulated a legitimate reason for the employment action taken and that plaintiff could not point to evidence that the reason was merely pretextual. *See Shinwari*, 16 F.Supp.2d 1308, 1322–23. Plaintiff does not challenge that aspect of the Court's decision. Accordingly, even if the Court clearly misapprehended the law or committed manifest errors of fact, plaintiff's motion to reconsider its ruling with respect to his ADEA retaliation claim must fail.

■ Moreover, the Court largely agrees with defendant's arguments on this issue, and therefore adopts those arguments in substance in this analysis. Even if it were necessary to reach plaintiff's arguments on this issue, the result would be the same. Although we are not obliged to do so, we address briefly certain aspects of plaintiff's arguments.

Plaintiff complains that "[h]ow the Court mistakenly framed the issues ... is inexplicable," and states that the Court committed manifest factual errors in identifying six cir-

4. Plaintiff cites no authority for the proposition that a nonmovant's statement of facts *must* be accepted as true. On the contrary, the local rules clearly provide that "[a]ll material facts set forth in the statement of the *movant* shall be deemed admitted for the purpose of summary judgment unless *specifically controverted* by the statement of the opposing party." D. Kan. Rule 56.1 (emphasis added). As the Court noted in its *Memorandum And Order*, the essential inquiry is "whether the evidence presents a sufficient dis-

agreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Shinwari*, 16 F.Supp.2d 1308, 1310–11, 1998 WL 596343, at *1 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *see also id.* at *6, n. 10–11, 16 F.Supp.2d 1308, 1319–21 (deeming certain of defendant's facts admitted due to plaintiff's failure to controvert such facts under D. Kan. Rule 56. I).

cumstances which formed the basis of his belief that Raytheon discriminated against him on the basis of age. According to plaintiff, the six circumstances which the Court identified are not *his* allegations, because they are inconsistent with the statement of material facts in his *Opposition To Defendant's Motion For Summary Judgment* (Doc. # 71) filed June 1, 1998 ("Motion in Opposition"). We fail, however, to see a material discrepancy. The six circumstances identified in the *Memorandum And Order* are faithful to plaintiff's stated facts. *See Motion in Opposition,* pp. 10–11, ¶¶ 50–54; 38.

■ Plaintiff now re-characterizes the grounds for his belief that Raytheon discriminated against him on the basis of age, but for the most part, plaintiff fails to cite record evidence in support of his revised allegations. *See* D. Kan. Rule 7.6(a) (all briefs and memoranda shall contain a concise statement of the facts, and each statement of fact should be supported by reference to the record). To the extent that plaintiff has failed to cite record evidence, he has not shown that the Court misapprehended the facts that support his position. *Anderson v. United Auto Workers,* 738 F.Supp. at 442 (motion to reconsider appropriate when, e.g., Court has obviously misapprehended a party's position or the facts).

Plaintiff complains that the Court did not consider his contention that Raytheon initially underpaid him on account of his age. Plaintiff did not make this argument, however, in opposition to defendant's motion for summary judgment; his statement of material facts merely cited his deposition testimony to that effect. A motion for reconsideration is not a forum for new arguments or supporting facts that could have been presented originally. *Van Skiver,* 952 F.2d at 1243.

Plaintiff also complains about the Court's "gross failure of logical reasoning" in its analysis of his claim that he and other older employees were passed over for promotions. Plaintiff proceeds, however, to challenge the Court's analysis regarding his claim that the September 1996 performance evaluation reflected bias toward older employees. Specifically, he challenges the footnote in which the

Court stated, "plaintiff is not entitled to any *substantial* margin for error based on a hypothesis that he had limited knowledge about the factual and legal basis for his charges of discrimination," because he consulted with an attorney before making his accusations. *Shinwari,* 16 F.Supp.2d 1308, 1321, 1998 WL 596343, at *11, n. 22 (emphasis in original). The Court further stated that plaintiff is well educated, that his charges did not present any difficult legal concepts or require a sophisticated understanding of Title VII, and that no reasonable jury would conclude that his accusations involved fine legal points somehow beyond his ken. *Id.*

The Court simply noted these factors in light of *Moyo v. Gomez,* where the Ninth Circuit held that the assessment of the objective reasonableness of plaintiff's belief that an unlawful employment practice occurred is "one that makes due allowance ... for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims." 32 F.3d 1382, 1385–86 (9th Cir.), *amended by* 40 F.3d 982 (1994), *cert. denied,* 513 U.S. 1081, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995)(erroneous belief that employer engaged in unlawful employment practice is reasonable and thus actionable under Title VII, if premised on mistake made in good faith, which may be one of fact or law). The Court properly considered these factors in its determination whether plaintiff's limited knowledge of the factual and legal bases for his claim resulted in a good faith, albeit mistaken, belief that Raytheon had engaged in unlawful activity.

Plaintiff also challenges the Court's citation to *Boyd v. Runyon,* No. 94–1557–JTM, 1996 WL 294330 (D.Kan. May 23, 1996)(plaintiff's opposition to employer's activity not viewed as reasonable though mistaken allegation of Title VII violation where plaintiff did not allege discrimination based on sex or other protected category). We cited *Boyd* in the context of the following digression: "[i]ndeed, plaintiff has abandoned all claims of discrimination in this case —— a fact which tends to suggest that even today he lacks an objectively reasonable belief that Raytheon engaged in age discrimination against him." *Shinwari,* 16 F.Supp.2d

1308, 1321–22, 1998 WL 596343, at *12. This digression was not determinative; rather, it merely reinforced the conclusion that plaintiff's belief was not objectively reasonable.

Plaintiff also complains that "[n]owhere does the plaintiff claim that his September 1996 Annual Performance Review reflected 'bias toward older employees' yet somehow, that is how the Court has framed the issue." *Motion To Reconsider*, p.11. Plaintiff is clearly in error. In his motion in opposition, plaintiff includes the following in his statement of material facts: "plaintiff believed that he received the Review he did out of bias aGainest [sic] older employees." *Motion In Opposition*, p.10, ¶ 50. Plaintiff supported this fact by citing portions of his deposition testimony which addressed the September 1996 performance review. *See* Plaintiff's depo., pp.451 (lines 17–25), 452 (lines 1–23), 412 (line 25), and 413 (lines 1–5) ("[e]xhibit 8 is the salaried performance review, and it is done on 9–30–96 . . . .").

Plaintiff complains that the Court was "plain wrong" in finding that the record contains no evidence that Seely, Davidson, Ugezene or any other over–40 engineers were demoted or relieved of leadership responsibilities. Again, however, plaintiff fails to cite relevant record evidence in support of his allegation. Plaintiff further challenges the Court's finding that "[a]t the status conference held July 9, 1998, plaintiff's counsel admitted that Davidson, Seely and plaintiff did not receive demotions, but stated that plaintiff had believed they should have received *promotions* as more people joined the Hawker program." *Shinwari*, 16 F.Supp.2d 1308, 1322 (emphasis in original). Plaintiff notes counsel's statement that "[w]hat happened to Ted Seely was that the lead responsibilities that he did have[ ]*were taken away*," and that "when it came time to reorganize, Davidson was again not put into any kind of supervisory position." *Motion To Reconsider*, p.11 (emphasis in original).

With respect to Seely, plaintiff fails to address the Court's finding that Kavie, the person who assumed Seely's position as lead, is older than Seely and ten years older than plaintiff. Even assuming that plaintiff could cite record support for his allegation, he proffers no explanation how Seely's demotion and replacement by an employee in the protected class could give rise to an objectively reasonable belief that age discrimination was the reason. As for Davidson, the statement by plaintiff's counsel that Davidson did not receive a promotion and was a member of the protected group does not constitute evidence that Davidson was demoted because of age. Plaintiff cites no evidence to establish that age was a factor, that Davidson was entitled to a promotion, or that a non-protected employee received the promotion in Davidson's stead.

Plaintiff also complains that the Court harbors hostility to employment discrimination claimants. Plaintiff notes the Court's comment during the status conference that "[b]y the same token, one thing that plaintiffs have learned to do over the years is scream . . . discrimination whenever they think that they're about to get adverse action." Transcript of Status Conference, July 9, 1998, p.17. Viewed in context, the Court's statement does not reflect hostility, and the Court does not believe that plaintiff's counsel sincerely thinks or thought otherwise.[5] The Court offered the statement in response to the contention of plaintiff's counsel that "what companies have learned to do over the years is to mask decisions they make that might have implications against older employees with things that on their face look to be legitimate non-discriminatory decisions." *Id.* Neither comment had any bearing on the Court's ruling, as the record contained no evidence in support of either observation.

Plaintiff complains that the Court impermissibly interjected its judgment in place of the jury's judgment, given the Court's finding that "the only permissible inference that reasonably flows from this record is that plaintiff manufactured a charge of discrimination to deflect attention from his performance problems." *Shinwari*, 16 F.Supp.2d

---

**5.** Plaintiff's counsel in fact agreed with the Court's statement. The Court assumes that he would not have done so if he had genuinely understood the comment to reflect hostility to plaintiff, or to employment discrimination claimants as a whole.

1308, 1322–23. Plaintiff argues that the reasonable person "is *not* designed to resemble a Federal District Court Judge." *Motion To Reconsider,* p.14 (emphasis in original). This argument presents no coherent rationale which warrants reconsideration, and we do not address it further.

**IT IS THEREFORE ORDERED** that *Plaintiff's Rule 59(e) Motion To Reconsider And Thereby Alter, Amend And Vacate The Order Of Summary Judgment Entered July 24, 1998* (Doc. # 90), filed August 7, 1998, be and hereby is **OVERRULED.**