**Larry C. WELLS, Sr., Plaintiff,**

v.

**ATRIUM RETIREMENT HOME, Defendant.**

**No. CIV.A.02–2003–CM.**

United States District Court, D. Kansas.

Nov. 12, 2003.

Larry C. Wells, Sr., Kansas City, MO, pro se.

Michael L. Bennett, Law Offices of Michael L. Bennett, Shawnee, KS, Thomas M. Franklin, Kansas City, MO, for Defendant.

## *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

On June 10, 2003, the court issued an order granting defendant's motion for summary judgment. Pending before the court is plaintiff's motion for reconsideration of the court's order granting summary judgment (Doc. 34).

## I. Background

Plaintiff filed this action on January 4, 2002, asserting discrimination claims under Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.* Defendant filed its motion for summary judgment on September 12, 2002. Plaintiff, who appears *pro se,* failed to respond to defendant's motion, and on October 30, 2002, the court issued an order to show cause why the court should not grant defendant's motion as unopposed. Plaintiff responded to the order to show cause on November 18, 2002, stating that he was unaware that he was required to respond to defendant's motion. The court concluded that plaintiff's lack of knowledge was excusable neglect and ordered him to file a response to defendant's motion for summary judgment by December 6, 2002.

On December 6, 2002, plaintiff submitted a response that did not address the facts of the case. Because plaintiff appears *pro se,* the court allowed plaintiff a third opportunity to respond to defendant's Motion for Summary Judgment. On May 27, 2003, the court ordered plaintiff to file a response by June 4, 2003, or risk the court treating defendant's Motion for Summary Judgment as unopposed. On June 4, 2003, plaintiff filed his response, which contained no controverted facts and did not dispute any of defendant's uncontroverted facts. Despite the shortcomings of plaintiff's response, the court carefully considered the merits of defendant's Motion for Summary Judgment and issued its order on June 10, 2003.

## II. Plaintiff's Motion for Reconsideration

On July 8, 2003, plaintiff filed a letter with the court asking it to reopen plaintiff's case. Plaintiff asserts that he had no knowledge that his case was being reviewed by the court, and that it issued its order without allowing plaintiff to appear in order to prosecute his case. The court treats plaintiff's letter as a motion for reconsideration, pursuant to District of Kansas local rule 7.3.

## A. Timing of Motion for Reconsideration

Pursuant to District of Kansas local rule 7.3, a party may file a motion asking a court to reconsider its order. The local rule also specifies that a party seeking reconsideration of a court's dispositive order must file its motion pursuant to Fed.R.Civ.P. 59(e) or 60. D. Kan. Rule 7.3(a). Motions for reconsideration "filed within ten days of the district court's entry of judgment ... [are] treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County,* 52 F.3d 858, 861 (10th Cir.1995). Motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997).

Plaintiff filed his motion nearly one month after the court's June 10, 2003, order. The court, consequently, reviews plaintiff's motion under Rule 60(b).

## B. Rule 60(b) Standard

A party seeking relief from a judgment must satisfy one or more of the six grounds provided under Rule 60(b). *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991); *Loum v. Houston's Rest., Inc.,* 177 F.R.D. 670, 672 (D.Kan.1998). Rule 60 states:

[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged,

or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). Relief under Rule 60(b), however, is considered "extraordinary" and should "only be granted in exceptional circumstances." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir.2000). A Rule 60(b) motion is not a substitute for direct appeal. Further, it "is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald,* 885 F.Supp. 1445, 1450 (D.Kan.1995) (citing *Van Skiver,* 952 F.2d at 1243).

### C. Due Process

██ Plaintiff argues that his due process rights were violated because he did not have notice of the judgment entered against him on June 10, 2003. Specifically, plaintiff contends he arrived for trial on July 7, 2003, and "learned that [his] case had been ordered and adjudged without [his] knowledge or being present to exercise [his] constitutional rights." (Doc. 34). Plaintiff's argument does not address any of the five specific grounds stated in Rule 60(b). The court therefore considers whether plaintiff's motion raises "any other reason" that justifies relief from the court's order. Fed.R.Civ.P. 60(b).

Plaintiff had multiple opportunities to respond to defendant's Motion for Summary Judgment. Plaintiff initially failed to respond and then produced a response that failed to address the arguments in defendant's motion. The court allowed plaintiff a third opportunity to respond to defendant's motion and specifically instructed plaintiff to address the facts and arguments set forth in defendant's motion. Plaintiff's response neither disputed defendant's statement of facts nor countered defendant's legal arguments. The court subsequently entered summary judgment for defendant based upon the merits of the case.

The court mailed a copy of its summary judgment order to plaintiff on June 10, 2003. Plaintiff claims that he did not receive the mailed order. Regardless of whether plaintiff received a copy of the court's order, plaintiff's due process rights were not violated. Plaintiff had sufficient notice that the court was considering defendant's Motion for Summary Judgment. Moreover, plaintiff had ample opportunity to respond to defendant's motion, including being given two additional opportunities to correct and resubmit his response. The court therefore concludes that plaintiff was not deprived of his constitutionally protected right to present his case before the court.

Plaintiff presents no reason justifying the extraordinary relief provided under Rule 60(b). Plaintiff's motion for reconsideration is therefore denied.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 34) is denied.