James D. LOEFFELBEIN,
et al., Plaintiffs,

v.

RARE MEDIUM GROUP, INC.,
et al., Defendants.

No. CIV.A.02–2435–CM.

United States District Court,
D. Kansas.

Feb. 26, 2004.

Loren W. Moll, Caldwell & Moll, L.C., Overland Park, KS, for Plaintiffs.

Ann E. Agnew, New Bern, NC, Charles W. German, Phillip G. Greenfield, Rouse Hendricks German May PC, Kansas City, MO, Barry G. Sher, Fried, Frank, Harris, Shiver & Jacobson LLP, New York City, Brenda Ranee Mesker, Learjet, Inc., Wichita, KS, Lisa H. Bebchick Fried, Frank, Harris, Shiver & Jacobson LLP, New York City, B. Kirsten Ehlen, Joseph M. Rebein, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Toby Jon Crouse, Daniel D. Crabtree, Stinson Morrison Hecker LLP, Overland Park, KS, Christopher J. Sherman, Payne & Jones, Chtd., Overland Park, KS, Michael B. Lowe, Payne & Jones, Chtd., Overland Park, KS, for Defendants.

### MEMORANDUM AND ORDER

MURGUIA, District Judge.

This matter comes before the court on Plaintiff's Motion for Relief from Order Dismissing the Rare Medium Defendants (Doc. 88).[1]

## I. Legal Standards

Pursuant to D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive motion must seek relief pursuant to Fed. R.Civ.P. 59(e) or 60. Motions filed more than ten days after the court's order are examined under Rule 60(b). *United States v. Emmons,* 107 F.3d 762, 764 (10th Cir.1997).

A party seeking relief from a judgment pursuant to Rule 60(b) must satisfy one or more of the six grounds enunciated in the rule. *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir.1991); *Loum v. Houston's Rest., Inc.,* 177 F.R.D. 670, 672 (D.Kan. 1998). Rule 60(b) states:

[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■ Relief under Rule 60(b), however, is considered "extraordinary" and should "only be granted in exceptional circumstances." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir.2000). A Rule 60(b) motion is not a substitute for direct appeal. Further, it "is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald,* 885 F.Supp. 1445, 1450 (D.Kan.1995) (citing *Van Skiver,* 952 F.2d at 1243).

## II. Analysis

■ Plaintiffs' motion for relief consists entirely of asserting that the court has misinterpreted the holding in *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1077 (10th Cir. 1995). Plaintiffs' argument is not proper grounds for a motion for reconsideration, although the court does not believe it has misinterpreted the holding in *Far West Capital.* Plaintiffs have not attempted to satisfy any of the grounds set forth in Rule 60(b), and, therefore, the court denies plaintiffs' motion.

## III. Rare Medium Defendants' Motion for Attorneys' Fees and Costs

■ In their response to plaintiffs' motion for relief from judgment, the Rare Medium defendants move the court to award them attorneys' fees and costs, pursuant to 28

---

1. The "Rare Medium defendants" that the court dismissed in its October 21, 2003 Order include Rare Medium Group, Inc., Glenn S. Myers, and Jeffrey J. Kaplan.

U.S.C. § 1927, for defending against plaintiffs' motion.

 Section 1927 provides that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are appropriately imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell,* 832 F.2d 1504, 1512 (10th Cir.1987) (en banc). Subjective bad faith is not a necessary showing for application of § 1927 sanctions. Instead, proper considerations for the court include whether plaintiffs' counsel's conduct, when viewed objectively, imposed "unreasonable and unwarranted burdens on the court and opposing parties," and whether plaintiffs' counsel acted "recklessly or with indifference to the law." *Braley,* 832 F.2d at 1507; *In re TCI Ltd.,* 769 F.2d 441, 445 (7th Cir.1985).

Because § 1927 is penal in nature an award should only be made " 'in instances evidencing a serious and standard disregard for the orderly process of justice' " and the court must be aware of the "need to ensure that the statute does not dampen attorneys' zealous representation of their clients' interests." *Ford Audio Video Sys., Inc. v. AMX Corp., Inc.,* 161 F.3d 17, 1998 WL 658386, at *3 (10th Cir. Sept.15, 1998) (quoting *Dreiling v. Peugeot Motors of Am., Inc.,* 768 F.2d 1159, 1165 (10th Cir.1985) (internal quotations omitted)).

The court concludes that a sanction under § 1927 is not appropriate in this case. While plaintiffs' motion was deficient in failing to address the Rule 60(b) standard, the court finds that plaintiffs' attorney's conduct does not rise to the level of serious disregard or indifference to the law.

## IV. Order

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Relief from Order Dismissing the Rare Medium Defendants (Doc. 88) is denied.