901 F.2d 1270
 16 Fed.R.Serv.3d 1390
 John R. BIRDSONG, et al., Plaintiffs-Appellees,
v.
Paul T. WROTENBERY, As Chairman of the Texas State Board of
Insurance, et al., Defendants-Appellants.
AMERICAN AIRLINES, INC., et al., Plaintiffs-Appellees,
v.
Paul T. WROTENBERY, As Chairman of the Texas State Board of
Insurance, et al., Defendants-Appellants.
Dan HARDING, As Plan Administrator of the Texas Children's
Hospital Health & Dental Plan, et al., Plaintiffs-Appellees,
v.
Paul T. WROTENBERY, As Chairman of the Texas State Board of
Insurance, et al., Defendants-Appellants.
 No. 89-1258.
 United States Court of Appeals,
Fifth Circuit.
 May 29, 1990.
 
 Jim Mattox, Atty. Gen., Donald G. Barlow, Asst. Atty. Gen., and Marianne S. Dwight, Atty. General's Office, Austin, Tex., for defendants-appellants.
 Harry M. Reasoner, W. Carl Jordan, Vinson & Elkins, Houston, Tex., Andrew W. Austin, Vinson & Elkins, Austin, Tex., Jasper G. Taylor, III, Fulbright & Jaworski, Houston, Tex., Michael T. Powell, Locke, Purnell, Rain, Harrell, H. Gene Emery, Locke Purnell Rain Harrell, Dallas, Tex., Barry K. Green, Fulbright & Jaworski, Richard W. Alexander, Mary A. Keeney, Johnson & Gibbs, Austin, Tex., Carl L. Taylor, Johnson & Gibbs, Washington, D.C., William B. McClure, Jr., Johnson & Swanson, Dallas, Tex., Kemp W. Gorthey, Winstead, McGuire, Sechrest & Minick, and Richard D. Milvenan, Austin, Tex., for plaintiffs-appellees.
 Appeal from the United States District Court for the Western District of Texas.
 Before GARZA, GARWOOD and JOLLY, Circuit Judges.
 GARZA, Circuit Judge:
 
 
 1
 Finding a failure to properly file a notice of appeal, resulting in this Court not having jurisdiction, the above action is hereby DISMISSED.
 
 
 2
 I. Pertinent Procedure.
 
 
 3
 Plaintiffs filed a lawsuit in March of 1988 seeking declaratory, injunctive and other equitable relief under 29 U.S.C. Sec. 1132(a)(3). Alleging that Texas' Administrative Services Tax ("ASTA") was preempted by section 514 of ERISA and violated the supremacy clause of the Constitution, the plaintiffs sought the return of taxes paid under ASTA. In April of 1988, the plaintiffs sought a preliminary injunction and leave to permit their respective ERISA plans to deposit ASTA payments with the court rather than the state. The district court denied both requests. Defendants sought dismissal on grounds that the Tax Injunction Act, comity, abstention, and the Eleventh Amendment all barred plaintiffs' suit. Said dismissal was denied in November 1988.
 
 
 4
 On February 28, 1989, summary judgment was granted in favor of the plaintiffs. Defendants filed a notice of appeal on March 6, 1989. Defendants then filed a "Motion to Clarify Judgment and Order" on March 14, 1989. The district court denied this motion as moot on July 6, 1989. No second notice of appeal was filed. This court, on November 15, 1989, sua sponte, requested briefing of whether defendants' March 14th motion had been a Rule 59(e) motion under the Federal Rules of Civil Procedure, thereby nullifying their notice of appeal. Stated simply, the question is whether this court lacked jurisdiction.
 
 
 5
 II. Discussion.
 
 
 6
 The district court's grant of summary judgment enjoined the defendants
 
 
 7
 from seeking, directly or indirectly, to collect from any one of the Plaintiffs moving for summary judgment, employee welfare benefit plans for which these plaintiffs serve as fiduciaries or sponsors, employee participants, or their administrative service providers, the tax or any portion thereof imposed by Article 4.11A, and from attempting to enforce the provisions, directly or indirectly, of Article 4.11A, including but not limited to the commencement of any administrative or judicial proceedings related to Article 4.11A. (emphasis added)
 
 
 8
 The defendants moved for clarification of this order, explaining that a pending state court action challenging ASTA involved one of the plaintiffs in the federal suit. The defendants asked the court "to specifically set out whether or not the Court['s] language enjoining the defendants 'including but not limited to the commencement of any administrative or judicial proceedings related to Article 4.11A' is designed or intended to prohibit the continuation of" the state court proceedings, which were not initiated by the state. The state court then stayed the state appeal pending the outcome of the federal case, and on July 6, 1989, the federal court denied the motion as moot. No formal second notice of appeal was filed, although the defendants did file documents entitled "Stipulation to Include Omissions from the Record" and "Motion to Supply Omissions in the Record."
 
 
 9
 A. What type of motion was filed on March 14, 1989?
 
 
 10
 The first inquiry is whether the motion fits under the general provisions of Rule 59(e) or under the clerical mistake exception of Rule 60(a).
 
 
 11
 The defendants argue that their March 14th motion did not call into question the correctness of the judgment so it cannot be considered a Rule 59(e) motion. This court set forth the "bright-line" rule in Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986), stating
 
 
 12
 any post-judgment motion to alter or amend the judgment served within ten days after the entry of the judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e).
 
 
 13
 The defendants argue that they "did not request that the court change even one word in the judgment." Defendants assert that the motion should be characterized as a Rule 60(a) motion because any "amendment [would have] served simply to reflect what was intended in the original summary judgment order," relying on Vaughter v. Eastern Airlines, Inc. 817 F.2d 685 (11th Cir.1987).[1]
 
 
 14
 It would have been impossible for the District Court to have granted Appellant's Motion to Clarify without altering or amending the language of the judgment in such a way as to specifically exclude the pursuit of the state actions from the injunction against "attempting to enforce the provisions, directly or indirectly," of ATSA. Thus, defendants' motion was not collateral but went directly to the scope of the injunction. For this reason, the motion is not a Rule 60(a) motion, and thus falls under the umbrella of Rule 59(e).
 
 
 15
 The filing of a Rule 59(e) motion negates the first notice of appeal and gives rise for the need to file a second notice of appeal, without which this court lacks jurisdiction. Torres v. Oakland Scavenger Co., 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982).
 
 
 16
 B. Can Defendants' subsequent stipulation and motion, filed within thirty days of the final entry of judgment, serve as a second notice of appeal under Fed.R.App.P. 3(c)?
 
 
 17
 Federal Rule of Appellate Procedure 3(c) states the required content of a notice of appeal.
 
 
 18
 The notice shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... An appeal shall not be dismissed for informality of form or title of the notice of appeal.
 
 
 19
 Although a court may accept a notice of appeal which "substantially" complies with the technical requirements of Rule 3(c), or is the "functional equivalent" of a notice of appeal, this does not mean the courts can waive the requirement altogether as it is a jurisdictional threshold. Torres v. Oakland Scavenger, Co., 487 U.S. 312, 108 S.Ct. 2405, 2408-09, 101 L.Ed.2d 285 (1988). The Supreme Court noted that:
 
 
 20
 although a court may construe the rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for "good cause shown" under Rule 2, if it finds that they have not been met.
 
 
 21
 Torres, 108 S.Ct. at 2409. While recognizing that such construction of Rule 3(c) as a jurisdictional prerequisite may lead to a harsh result, the Supreme Court stated that such construction is imposed by the legislature and not by the judicial process. Torres, 108 S.Ct. at 2409, citing, Schiavone v. Fortune, 477 U.S. 21, 31, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986).
 
 
 22
 Appellants attempt to convert a "Stipulation to Include Omissions from the Record" and a "Motion to Supply Omissions in the Record" into a second notice of appeal is not only imaginative, but a deviation from the stated requirements which this Court is not willing to accept.
 
 
 23
 These two documents taken individually or coupled together fail to satisfy any one of the three elements required under Rule 3(c). The designation of the parties is flawed by the use of "et al." to designate unnamed appealing parties, which makes it defective as a matter of law. Torres, 108 S.Ct. at 2409. No place in either document is the judgment, order, or any part thereof from which they appeal designated.
 
 
 24
 The failure to satisfy the simple requirements of Rule 3(c) has lead to the demise of this appeal.
 
 
 25
 III. The End Result.
 
 
 26
 Defendants' first notice of appeal was nullified by the filing of a Motion to Clarify Judgment and Order. This motion falls within the bright-line rule of Harcon Barge[2], which classifies the motion under Rule 59(e). The failure to file a second proper notice of appeal after the disposition of the Rule 59(e) motion results in the lack of jurisdiction by this court.
 
 
 27
 This court refuses to relax the requirement of Rule 3(c) under the facts of this case. Accordingly, this appeal is hereby DISMISSED for want of jurisdiction.
 
 
 
 [1]
 Appellants reliance on this case is misguided because the motion was to correct the class certification, which the court had conducted the trial as though that had already occurred. Therefore, the amendment to the summary judgment order was a correction of an oversight under Rule 60(a)
 
 
 [2]
 Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir.) (en banc), cert. denied, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986)