928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walton MULLINS, Plaintiff-Appellant,
v.
Fred M. MESTER, State Bar of Michigan, Oakland County, State
of Michigan, Carolyn Chavez, Herb Levitt, James Blanchard,
Frank Kelley, John F. Ross, Jr., J. Robert Sterling,
Margaret Nelson, Defendants-Appellees.
 No. 90-1699.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 E.D.Mich., No. 89-73020; Friedman, J.
 E.D.Mich.
 AFFIRMED IN PART AND DISMISSED IN PART.
 Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Walton Mullins appeals pro se from the dismissal of his civil case and the district court's order imposing sanctions under Fed.R.Civ.P. 11. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The gravamen of Mullins's complaint is his allegation that Michigan attorneys are not properly licensed to practice law. On April 20, 1990, the district court granted the defendants' motion to dismiss the complaint. The court also granted motions that had been filed by several of the defendants for Rule 11 sanctions. On May 15, 1990, the district court denied Mullins's timely motion for reconsideration and, on June 18, 1990, the court imposed a total of $3,000 in Rule 11 sanctions.
 
 
 3
 Mullins filed a notice of appeal on June 19, 1990. This document does not reveal which of the district court's orders is being appealed. However, Mullins has included both the May 15, 1990 order denying reconsideration and the June 18, 1990 order granting specific sanctions in his appendix. In addition, Mullins has filed a "Motion for Discovery and Status" with this court.
 
 
 4
 Mullins's appeal must be dismissed insofar as it may be construed as a challenge to the district court's dismissal of his complaint because his notice of appeal was filed 35 days after the entry of the district court's order denying reconsideration. See Fed.R.App.P. 4(a). While Mullins did attempt to file a brief with this court on April 19, 1990, he did not file a notice of appeal as required by Fed.R.App.P. 3(a). Moreover, Mullins was required to file a new notice of appeal within 30 days after the court's denial of reconsideration. See Birdsong v. Wrotenbery, 901 F.2d 1270, 1271-72 (5th Cir.1990). Finally, Mullins was not prejudiced by his failure to file a timely notice of appeal because it is clear that dismissal was appropriate for the reasons stated in the district court's carefully reasoned opinion of April 20, 1990.
 
 
 5
 Appellate review of the district court's imposition of Rule 11 sanctions is governed by an abuse of discretion standard. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). The district court did not abuse its discretion in the instant case, even though Mullins filed his complaint pro se. Cf. Shrock v. Altru Nurses Registry, 810 F.2d 658, 661 (7th Cir.1987). Sanctions were appropriate 1) because the complaint is not well grounded in fact, 2) because it is not based on a plausible view of the law, and 3) because it appears that Mullins may have filed this action for purposes of harassment. See Herron v. Jupiter Transp. Co., 858 F.2d 332, 335 (6th Cir.1988). The amount of sanctions was also objectively reasonable. Each of the defendants incurred legal costs which exceeded the amount that Mullins was ordered to pay. Moreover, Mullins has raised no objection to the amount of the sanctions that were imposed.
 
 
 6
 Mullins's argument that his case was improperly transferred is without merit. The transfer had the same practical effect as the recusal which Mullins sought under 28 U.S.C. Sec. 144. Moreover, the transfer was otherwise appropriate because Judge Friedman had presided over a related case that Mullins had filed.
 
 
 7
 Accordingly, Mullins's discovery motion is denied, this appeal is dismissed insofar as it challenges the district court's dismissal of his lawsuit, and the district court's order imposing sanctions is hereby affirmed. Rules 9(b)(1) and 9(b)(5), Rules of the Sixth Circuit.