# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30633
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2017

Lyle W. Cayce
Clerk

In the Matter of:  STEPHEN JOHN BANDI; CHARLES EDWARD BANDI,

> Debtors

------------------------------

STEPHEN JOHN BANDI; CHARLES EDWARD BANDI,

> Appellants

v.

CHRISTOPHER BECNEL,

> Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2014

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30633

After Stephen and Charles Bandi (the Bandis) filed voluntary Chapter 7 bankruptcy petitions, Christopher Becnel sued the Bandis in bankruptcy court to prevent the Bandis from discharging a debt owed to Becnel. The bankruptcy court determined that 11 U.S.C. § 523(a)(2)(A) rendered the debt non-dischargeable. The Bandis appealed this determination to the Eastern District of Louisiana, and, subsequently, the Fifth Circuit, both of which affirmed the bankruptcy court's decision.

The Bandis then sought a panel rehearing and a rehearing en banc. While these motions were pending before this court, the Bandis filed a motion with the bankruptcy court for an indicative ruling pursuant to Rule 62.1,[1] seeking a "statement, included with the reasons why, that the issue raised [in the motion] is substantial or not." After the bankruptcy court denied this motion, the Bandis filed a motion for writ with this court to compel the bankruptcy court to hold a hearing on the motion for an indicative ruling and to issue "Orders and Reasons." We denied the Bandis' petitions for a panel rehearing and a rehearing en banc, and the Clerk for the Fifth Circuit advised the Bandis that, because "there [was] no further relief available," the court would take no action on the motion for writ.

Over two years later, the Bandis moved to compel this court to resolve the motion for writ, and the Clerk for the Fifth Circuit again advised the Bandis that the court would take no action. Nevertheless, the Bandis filed a motion to reopen the case, arguing that the motion for writ was actually a notice of appeal. The court denied the motion to reopen.

The Bandis then moved to reopen the case in bankruptcy court, again arguing that the motion for writ was actually a notice of appeal requiring resolution. Shortly after filing this motion, the Bandis filed an independent

---

[1] FED. R. CIV. P. 62.1.

action in equity for relief from judgment with the bankruptcy court, requesting a new trial, along with four motions for summary judgment and a motion to disqualify. The bankruptcy court denied the motion to reopen, dismissed the complaint, and dismissed the other motions as moot. After the district court affirmed, the Bandis appealed. We affirm.

We review a bankruptcy court's refusal to reopen a proceeding for abuse of discretion.[2] The Bandis have premised their motion to reopen on the theory that the motion for writ was actually a notice of appeal that requires action. Although we "may accept a notice of appeal which 'substantially' complies with the technical requirements of [Federal Rule of Appellate Procedure] 3(c), or is the 'functional equivalent' of a notice of appeal, this does not mean [we] can waive the requirement altogether."[3] Instead, we require that the filed document "clearly evince[] the party's intent to appeal."[4] The motion for writ does not clearly evince that the Bandis intended to appeal. Prior to filing the motion for writ, they had filed four notices of appeal, and the motion for writ did not mention the district court—the proper appellate court.[5] There was no reason to believe that the Bandis had intended to file a notice of appeal instead of a motion for writ, and, thus, the document did not provide "sufficient notice to other parties and the courts."[6]

However, even if we assume that the Bandis' construction of the case is accurate, there is no relief that an appeal of the Bandis' indicative ruling can provide. The Bandis' "appeal" seeks review of the bankruptcy court's refusal

---

[2] *Matter of Case*, 937 F.2d 1014, 1018 (5th Cir. 1991).

[3] *Birdsong v. Wrotenbery*, 901 F.2d 1270, 1272 (5th Cir. 1990) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315, 317 (1988)).

[4] *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (per curiam) (quoting *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974)).

[5] 28 U.S.C. § 158(a), (d).

[6] *Smith v. Barry*, 502 U.S. 244, 248 (1992).

No. 16-30633

to hold a hearing to resolve whether the Bandis' Rule 62.1 motion raised a substantial issue. The case has been decided, and the mandate has issued. It does not matter whether the district court believes the motion raises a substantial issue, as the purpose of such a ruling is to allow us to remand the case if we deem it "useful to decide the motion before [deciding] the pending appeal."[7] There is no case to remand, and, as a result, the requested hearing would serve no purpose. Thus, the motion is moot, and the district court did not abuse its discretion by refusing to reopen the case.

The bankruptcy court also properly dismissed the independent action in equity and the accompanying motions. An "independent action [cannot] be made a vehicle for the relitigation of issues,"[8] and "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case."[9] The Bandis' basis for reopening the trial through an independent action is that "[t]he record shows that the trial court" in the original proceeding "issued written Orders and Reasons that contain material misrepresentations." They have unsuccessfully raised this same allegation on repeated occasions at every level of the proceeding, including before this court in their brief on the merits of the original claim and in their motions for a panel rehearing and a rehearing en banc—all of which we rejected. The Bandis, in fact, acknowledged as much in their brief before the district court, stating that "[d]uring the case's original appeal to this Court . . . all of the [material misrepresentations] were raised"

---

[7] FED. R. CIV. P. 62.1 advisory committee's notes to 2009 adoption; *see id.* (explaining that Rule 62.1 adopts the "practice most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal" that "after an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand"); *see also* FED. R. CIV. P. 62.1(c) ("The district court may decide the motion if the court of appeals remands for that purpose."); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (applying the rule that once an appeal has been filed the district court "no longer has jurisdiction to *grant*" a Rule 60(b) motion).

[8] *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970).

[9] *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

No. 16-30633

but, they believed, not "fully considered," and that "[u]pon further appeal to the Fifth Circuit, [we] again raised these issues." To the extent that the Bandis have now shifted the focus of their argument to a due process challenge stemming from a purported filing error by the Clerk of the Fifth Circuit, they have raised that argument for the first time on appeal and have cited no case in support of that argument. Accordingly, it is waived.[10] "There must be an end to litigation at some point."[11] We have reached that point.

*    *    *

For the foregoing reasons, we AFFIRM the decision of the district court.

---

[10] *See Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 113 (5th Cir. 2010); *Lee v. Cytec Indus., Inc.*, 460 F.3d 673, 679 n.11 (5th Cir. 2006).

[11] *Smith v. Mo. Pac. R.R. Co.*, 615 F.2d 683, 685 (5th Cir. 1980).