# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-70003

Anthony Francois,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, Director, Texas Department of
Criminal Justice, Correctional Institutions Division,

*Respondent—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-837

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Anthony Francois killed three children and shot two other individuals in the home of a teenage girlfriend who jilted him for another man. Now on death row in Texas, Francois seeks a certificate of appealability from the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-70003

district court's May 17, 2021 denial of his habeas corpus petition. For the reasons that follow, his application is DENIED.

## I.

A certificate of appealability (COA) "is necessary to appeal the denial of federal habeas relief." *Gonzales v. Davis*, 924 F.3d 236, 241 (5th Cir. 2019) (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds *without* reaching" the merits, a petitioner seeking a COA must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Importantly, these requirements are jurisdictional. Thus, "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## II.

In this case, Francois seeks a COA to challenge the district court's refusal to conduct an evidentiary hearing on his ineffective assistance of counsel claims or to stay and abate these federal proceedings to allow his exhaustion of such claims in state court. Because most of his arguments are not properly before this court, and because those which remain fall flat, his application is unavailing.

No. 21-70003

A.

As previewed above, the principal flaw in Francois' application is technical and jurisdictional in nature. Put simply, Francois failed to appeal the district court's rejection of the vast majority of the substantive arguments he now makes in this court.

Francois' COA Application to this court is a near carbon copy of a Rule 59(e) motion he filed in the district court after that court denied his initial habeas petition.[1] Inexplicably, however, Francois failed to notice his appeal of the district court's denial of that Rule 59(e) motion *in addition to* his habeas petition. This unfortunate misstep ran afoul of Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), which requires a party "intending to challenge an order disposing of [a Rule 59 motion to alter or amend judgment]" to "file a notice of appeal, or an amended notice of appeal . . . within the time" specified by the rule.

We have repeatedly recognized that an appellant's failure to abide by Rule 4(a)(4)(B)(ii) deprives us of subject matter jurisdiction to review the district court's denial of a Rule 59(e) motion. *See, e.g.*, *Birdsong v. Wrotenbery*, 901 F.2d 1270, 1272 (5th Cir. 1990) ("The filing of a Rule 59(e) motion . . . gives rise for the need to file a second notice of appeal, without which this court lacks jurisdiction.").

---

[1] The two documents' respective Tables of Contents alone confirm their overwhelming similarity in both style and substance. *Compare* Mot. to Alter or Amend J. Pursuant to Federal Rule of Civil Procedure 59(e) at ii, *Francois v. Lumpkin*, No. 4:10-cv-00837 (S.D. Tex. June 14, 2021), *with* Pet'r's Req. for a Certificate of Appealability and Br. in Supp. Thereof at ii–iii, *Francois v. Lumpkin*, No. 21-70003 (5th Cir. Aug. 30, 2021) [hereinafter "COA Appl."].

Consequently, we lack jurisdiction to consider all arguments Francois chose to raise initially in his Rule 59(e) motion.[2] To advance those arguments in this court, Francois "need[ed] to file a second notice of appeal." *Id.* Because he failed to do so, we may not—as a court of strictly limited appellate jurisdiction—consider such arguments in assessing his entitlement to a COA.

### B.

Affording Francois' COA Application every benefit of the doubt,[3] we briefly address the arguments Francois raised in his initial habeas corpus petition in the district court. *See* COA Appl. at 1 (requesting "the issuance of a certificate of appealability from the opinion and judgment entered by the District Court on May 17, 2021"). In its May 17, 2021 opinion, the district court denied Francois' eleven claims for relief. For the reasons well stated by the district court there, we agree.

To begin, Francois' three Sixth Amendment ineffective assistance of counsel (IAC) claims are unavailing. As the district court observed, the strategic decision by Francois' trial counsel to call witness Jadon West to rebut testimony concerning Francois' violence in a gunpoint-robbery by Francois, West, and a third individual was not unreasonable as a

---

[2] Unfortunately, these waived arguments comprise the bulk of Francois' present request for a COA—including, among others, Francois' argument that he might be intellectually disabled.

[3] Francois' decision to place evidentiary-hearing and stay-and-abeyance issues front and center as *the* issue(s) presented is somewhat curious. *See* COA Appl. at 5. We have deemed those issues—which the district court first considered in conjunction with Francois' Rule 59(e) motion—forfeited. *See supra* Section II.A. Nonetheless, particularly because this is a death penalty case, we construe Francois' COA Application as a request that we determine his entitlement to a COA from the district court's May 17, 2021 denial of his initial habeas petition.

constitutional matter. To the contrary, it instead appears that this was the kind of "strategic choice[] made after thorough investigation of law and facts relevant to plausible options" that is "virtually unchallengeable" in the Sixth Amendment context. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Francois' remaining IAC claims are procedurally defaulted for his failure to advance them in state court and otherwise provide no basis for a finding of ineffective assistance of counsel as the failure to make meritless arguments cannot constitute ineffective assistance of counsel. *See, e.g.*, *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). A separate IAC claim concerning the supposed ineffectiveness of Francois' state habeas counsel is a nonstarter, for there is no freestanding right to *any* assistance of counsel in state habeas proceedings, let alone to *effective* assistance of counsel in such proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

In another set of claims, Francois challenges the constitutionality of Texas's death penalty regime. However, as Francois conceded in his habeas petition, this court has "repeatedly rejected" the issues Francois raised in the third and fourth claims in his petition. *See* Pet. at 22; *Rowell v. Dretke*, 398 F.3d 370, 378 (5th Cir. 2005) (so rejecting). Similarly, as the district court correctly found, a third related claim (Claim Five in Francois' petition) concerning jury instructions is also squarely foreclosed by binding precedent. The sixth claim in Francois' petition—suggesting that the Texas death penalty statute is unconstitutional because "future dangerousness" is not predictable by a jury—is devoid of any citation to caselaw and likely barred by AEDPA's nonretroactivity rule. *See Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) (observing that under AEDPA "federal habeas courts must deny relief that is contingent upon a rule of law not clearly established at the

No. 21-70003

time the state conviction becomes final"). Francois' seventh claim—that the trial court violated his constitutional rights by denying his "Motion to Declare the Texas Capital Sentencing Scheme Unconstitutional"—suffers from a similar flaw: a near-total lack of framing and explanation for the district court. A district court cannot be expected to read the mind of a petitioner throwing random bits of paint at the wall to see what sticks, and nor can we. In an eighth claim, Francois rehashes death-penalty theories we have already rejected.

Lastly,[4] Francois asserts that the trial judge displayed bias by aiding the prosecutor's questioning of a witness. But the Texas Court of Criminal Appeals denied this claim for lack of contemporaneous objection and we must do the same. *See, e.g.*, *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999) ("Texas applies its contemporaneous objection rule strictly and regularly and it is an independent and adequate state-law procedural ground sufficient to bar federal court habeas review of federal claims." (cleaned up)).

Accordingly, Francois' application for a COA is DENIED.

---

[4] In his habeas petition, Francois initially references an eleventh claim (making blanket assertions regarding the denial of due process and a fair trial) but never returns to flesh that point out in the body of his brief. We disregard it accordingly.